# Exhibit D



DLA Piper (Canada) LLP
Suite 6000, 1 First Canadian Place
PO Box 367, 100 King St W
Toronto ON M5X 1E2
www.dlapiper.com

Geoffrey D. Mowatt
geoff.mowatt@dlapiper.com
T 416.862.3375
F 416.369.7924

July 12, 2019

**DELIVERED BY EMAIL & COURIER**

Dr. James Noble
Royal College of Dental Surgeons of Ontario Registration
No. 62156
Orthodontics at Don Mills
1448 Lawrence Ave East, Suite 304A
Toronto, ON M4A2V6

Dear Sir/Madam:

**Re: Unlawful Statements re SmileDirectClub;**
**_Competition Act_, _Trademarks Act_, and Professional Misconduct Violations**

We are counsel for SmileDirectClub, LLC ("**SmileDirectClub**"). We write on behalf of our client to demand that you immediately cease and desist making false, misleading, and defamatory statements about our client and those dentists and orthodontists who engage our client for use of its non-clinical, administrative dental support organization services, including its teledentistry platform. As detailed below, SmileDirectClub considers your ongoing activities to constitute professional misconduct contrary to _Ontario Regulation 853/93_, a violation of SmileDirectClub's legal rights at common law and contrary to various provisions of the _Trademarks Act_ and _Competition Act_.

It has recently come to SmileDirectClub's attention that you have made multiple statements on social media that are false, misleading, deceptive, and defamatory, and tend to discredit our client's business and the professional integrity and business of those dentists and orthodontists who engage our client for use of its non-clinical, administrative dental support organization services, including its teledentistry platform. In particular, we note that you are an administrator of the Facebook page "Smile Direct Club Class Action", notwithstanding that you have no authority to use our client's trademark and no such class action lawsuit exists. Through this social media venue, you continue to target the dentists and orthodontists working with our client, a number of which are members of the Royal College of Dental Surgeons of Ontario ("RCDSO").

For example, on May 15-16, 2019, relying on deception and appealing to the public's fear, you incited patients to publicly disclose the identity of their treating dentist or orthodontist working with SmileDirectClub:









Please let us know who your treating dentist or orthodontist is. They are the ones responsible for your care. If any dentist or orthodontist clicks approve, they are bearing the deep responsibility and liability of your treatment. You therefore have a right to see them in their office, ask them questions about your treatment, be monitored by them and discuss retention. It is their ethical responsibility as your doctor and their legal responsibility as well. You therefore have a right to attend to their office for questions and monitoring and you also they have a right to lodge a formal complaint to the dental board against them.

On July 10, 2019, you personally targeted Dr. Gary Moore, an active dentist who has chosen to treat patients through the SmileDirectClub platform, by posting images of aligner packaging of one of Dr. Moore's patients, falsely suggesting that he is retired from practicing dentistry and suggesting that your practice and the practice of your colleagues is somehow superior to Dr. Moore's practice:





By these posts and others, you have directly targeted patients already engaged with dentists and orthodontists working with SmileDirectClub, asking such patients to post the identity of their treating dentists and orthodontists on social media. Your tactics have been to mislead and deceive these patients into believing that such professionals are acting contrary to their professional obligations, including the use of such terms as "unethical" and "harmful to the public". This is false, misleading, deceptive, and defamatory. The SmileDirectClub platform and the duly licensed treating dentists and orthodontists who have engaged the dental support organization services of SmileDirectClub are fully compliant with all applicable regulatory authorities in Canada, and provide all of the dentist/patient interactions required for full compliance with the applicable legislation, as well as the standards of the RCDSO and any comparable association in any other province or territory in Canada.

As a direct competitor of the dentists and orthodontists that have engaged SmileDirectClub for use of its dental support organization services, including its teledentistry platform, your activities are motivated by commercial benefit and the professional advancement of you and your colleagues:



The above is not an exhaustive list of all the wrongful acts you have taken with respect to our client, but the above statements are representative of a clear and deliberate course of conduct designed to damage the reputation of SmileDirectClub, depreciate the goodwill associated with its business and trademark, and disparage the professional integrity and business of those dentists and orthodontists that engage SmileDirectClub's and use its teledentistry platform, many of whom are RCDSO members.

Our client considers your ongoing efforts to disparage the practice of others, including members of the RCDSO, to constitute professional misconduct contrary to *Ontario Regulation 853/93*, section 2, paragraphs 60 to 61. These activities have been conducted for the personal benefit of you and your colleagues and have the effect of misleading and deceiving the public, interfering with the public's ability to make informed choices, and are calculated to appeal to the public's fears. These activities cause significant harm to our client and depreciate the value of the goodwill associated with its business and trademark, and



constitute acts that, having regard to all the circumstances, are reasonably regarded as dishonourable, unprofessional, and unethical, thereby bringing the integrity and dignity of the profession into disrepute.

Our client considers your activities to constitute wrongs sufficient to ground an action in tort, including for defamation, conspiracy, injurious falsehood, and interference with economic relations, as well as activities that are contrary to section 7(a) of the *Trademarks Act* and sections 36, 52 and 74.01(1)(a) of the *Competition Act*.

We further note that the RCDSO's Code of Ethics mandates that dentists in Ontario respect the right of patients to be cared for by the dentist of their choice, only make evaluative remarks about the work of others *after* making reasonable efforts to understand the prior treatment history of patients, and protect the confidentiality of the personal and health information of patients.

The RCDSO has issued a Practice Advisory on "Professional Use of Social Media" that states *inter alia*:

- Make sure any content you upload to the internet does not hurt public confidence in the dental profession or compromise your own professionalism. Poor judgment in such actions can put you at risk for behaviour that may be viewed as unprofessional and/or dishonourable

- Posting material that demonstrates, or appears to demonstrate, behaviour that might be considered unprofessional, inappropriate or unethical should always be avoided.

- Do not make gratuitous, unsubstantiated or unsustainable negative comments about individuals, groups or organizations.

Further, in its Practice Enhancement and Knowledge article of November/December 2014, the RCDSO endorsed the principles published by the American College of Dentists for dentists engaged in the use of digital communications and required to comply with the professional standards of dentistry, which included the following three principles applicable in this instance:

1. The professional relationship between dentist and patient should not be compromised by the use of digital communication.

2. Digital communication should not permit third parties to influence the dentist-patient relationship.

3. Dentists should exercise prudence to ensure that messages are professional and cannot be used in unprofessional ways by others.

By your activities above, you appear to be in breach of the RCDSO's Code of Ethics, and in violation of the above Practice Advisory and the above principles endorsed by the RCDSO for compliance with the professional standards of dentistry.

Our client takes this matter very seriously and will not permit you or any other organization to spread false and misleading information about our client's business or products, or make defamatory statements to discredit our client's business or those dentists or orthodontists who choose to engage SmileDirectClub and treat their patients using its teledentistry platform.

Since 2014, our client has invested significant time, energy, and money into developing, promoting, and operating its business in the U.S. and now in Canada under the SmileDirectClub brand, including promotion



through the use of various social media outlets and celebrity endorsements. As a result, the SmileDirectClub brand has become well-known and developed significant goodwill and reputation throughout the U.S. and Canada.

On behalf of SmileDirectClub, and without prejudice to its rights and remedies, we require that you immediately:

1. Cease all direct and indirect reference to our client's business, goods or services, including any use of the SmileDirectClub trademark, or any confusingly similar mark.

2. Immediately delete the Facebook posts above or any other social media posts that incite patients to publicly disclose the names of treating dentists and orthodontists that have engaged SmileDirectClub for use of its dental support organization services, including its teledentistry platform.

3. Immediately issue a corrective post on Facebook confirming the principle endorsed by the RCDSO that the professional relationship between dentist and patient should not be compromised by the use of digital communication.

4. Undertake not to use the SmileDirectClub brand or any confusingly similar mark in the future.

5. Undertake not to target directly or indirectly any dentists or orthodontists in Canada or the U.S. that have engaged SmileDirectClub for use of its dental support organization services, including its teledentistry platform.

6. Undertake not to make any statements that mislead or deceive the public, interfere with the public's ability to make informed choices, or are calculated to appeal to the public's fears and have a direct or indirect effect on our client's business, goods or services, or the professional integrity or business of any dentists or orthodontists in Canada or the U.S. that have engaged SmileDirectClub for use of its dental support organization services, including its teledentistry platform.

7. Undertake to immediately preserve and not destroy or alter any and all evidence, documents, notes, correspondence, recordings, photographs, material, tangible things, and electronically stored information ("ESI"), including but not limited to private messages, e-mails and text messages (collectively, "EVIDENCE"), regarding, concerning, referencing, mentioning, and/or potentially relevant in any way to SmileDirectClub's claims in this matter. This litigation hold does not apply to Facebook and social media posts referenced in No. 2 above.

8. Provide us with written confirmation that you will comply with the above demands and confirm that you will not engage in the same activities in the future.

Our client reserves the right to take all appropriate steps to ensure that its common law rights and rights under the *Competition Act* and *Trademarks Act* are respected without further notice to you, including the rights and remedies afforded to SmileDirectClub under sections 36, 52 and 74.01(1)(a) of the *Competition Act* and section 7(a) of the *Trademarks Act*.

Our client will continue to monitor the situation to determine if it is necessary and appropriate to report your unprofessional conduct and breach of the Code of Ethics to the RCDSO's Inquiries Complaints and Reports Committee



We look forward to hearing from you by **July 15, 2019**, with the required confirmation and undertakings above.

Sincerely,
**DLA Piper (Canada) LLP**
Per:

Geoffrey D. Mowatt
Partner