IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| DR. JOSEPH CICCIO, *et al.*, | ) |
| | ) Civil Action No.: 3:19-cv-00845 |
| Plaintiffs, | ) |
| | ) Judge Aleta A. Trauger |
| v. | ) |
| | ) |
| SMILEDIRECTCLUB, LLC, *et al.*, | ) |
| | ) JURY DEMAND |
| Defendants. | ) |

**DEFENDANT SMILEDIRECTCLUB, LLC'S
REPLY IN SUPPORT OF ITS
MOTION TO COMPEL ARBITRATION AND TO DISMISS NIGOHOSIAN'S CLAIMS**

## INTRODUCTION

Plaintiff Dena Nigohosian does not dispute that she agreed to the terms of the binding ADR Provision in her contract with SmileDirect, and she admits that it is valid and enforceable. (Opp. at 1.) Instead, she makes the rather peculiar and convoluted argument that, because the consumer-friendly clause allows her to choose whether to pursue her dispute through either binding AAA arbitration <u>or</u> small claims court, whichever is preferable and most convenient for her, the clause actually means that she has no obligation to do either and opens the floodgate to federal court. This argument, which flies in the face of the Federal Arbitration Act and recent pronouncements of the U.S. Supreme Court giving substantial deference to alternative dispute resolution provisions, is without support in the law. Indeed, not a single case cited by Plaintiff Nigohosian stands for this absurd proposition, which would punish businesses for making cost-effective, convenient alternatives available to consumers to resolve disputes.

In short, the argument advanced by Plaintiff disregards the contract's context, contravenes the parties' intent, flouts both the Federal Arbitration Act and Supreme Court precedent, ignores the case law cited in SmileDirect's opening brief, and produces nonsensical results. Federal courts routinely enforce binding arbitration clauses as well as small-claims court dispute resolution clauses, and to suggest as Plaintiff does now that giving the consumer the option to choose one effectively nullifies both defies the law and common sense.

The Court should dismiss Nigohosian's claims so that she can pursue them either in arbitration or in state small-claims court, but nowhere else.

## ARGUMENT

The ADR Provision in Ms. Nigohosian's contract provides, in part: "AGREEMENT TO ARBITRATE – I hereby agree that any dispute regarding the products and services offered [by] SmileDirectClub . . . will be determined by submission to arbitration and not [by] lawsuit filed in

any court, except claims within the jurisdiction of Small Claims Court." (Doc. 28, Skinner Dec. ¶ 8.) The parties agree that Nigohosian's claims arise from SmileDirect's products and services and are "claims within the jurisdiction of Small Claims Court." (Opp. at 3.)

A. **Nigohosian's Reading Ignores the Parties' Intent and Produces Absurd Results.**

The ADR Provision is incompatible with federal jurisdiction. When interpreting a contract, "the role of the court is to ascertain and give effect to the intent of the parties." *Regions Ins., Inc. v. Hanback*, No. 3:16-CV-897, 2017 WL 4176337, at *3 (M.D. Tenn. Sept. 20, 2017) (Trauger, J.) (citing *Spirit Broadband, LLC v. Armes*, 2017 WL 384248 at *6 (Tenn. Ct. App. Jan. 27, 2017). "The interpretation should be one that gives reasonable meaning to all the provisions of the agreement, without rendering portions of it neutralized or without effect." *Id.*

Nigohosian misreads the ADR Provision's text. The provision requires that any dispute "will be determined by submission to arbitration and not [by] lawsuit filed in any court, except claims within the jurisdiction of Small Claims Court." (Skinner Dec. ¶ 8.) Nigohosian argues that she "is free to pursue her claims . . . in any court" because the small-claims exception "does not specify small claims court as the exclusive forum for such a claim." (Opp. at 2.)

That reading is creative, but incorrect. The exception clause—"except claims within the jurisdiction of Small Claims Court"—modifies the phrase "filed in any court." In other words, the exception clause limits where non-arbitrated claims may be resolved. Nigohosian, however, reads the exception clause to modify "submission to arbitration," creating a broad exception to the obligation to arbitrate. Problems with Nigohosian's reading abound. ***First***, she has the exception clause modifying a remote phrase, rather than an adjacent one. ***Second***, her reading effectively erases "and not by lawsuit filed in any court" from the ADR Provision. After all, Nigohosian argues that *any* claim subject to small-claims-court jurisdiction is exempt from the ADR obligation.

***Third***, Nigohosian's reading produces absurdities. Courts have long held that contract

interpretation should not produce absurd results. *See, e.g.*, *Samaan v. Gen. Dynamics Land Sys., Inc.*, 835 F.3d 593, 601 (6th Cir. 2016); *Maverick Grp. Marketing, Inc. v. Worx Envtl. Prods. Ltd.*, No. 2:13-cv-02268-STA-tmp, 2015 WL 8335153, *6 (W.D. Tenn. Dec. 8, 2015). Flouting that principle, Nigohosian reads the ADR provision to open the door to a class action in federal court, upending both common sense and the parties' intent. SmileDirect never contemplated—much less intended—that the ADR Provision would offer a gateway for plaintiffs to file federal class actions. That is exactly the result that companies like SmileDirect use ADR clauses to avoid. The only logical interpretation of the ADR Provision is that Nigohosian could choose to arbitrate her claims, or she could take them to small-claims court, but nowhere else.

Tellingly (but not surprisingly), Nigohosian fails to cite even a single case holding that a small-claims exception to an arbitration agreement allowed the plaintiff to file suit in the court of their choice. Instead, courts have rejected nearly identical attempts to choose a new forum not mentioned in an arbitration provision. *E.g.*, *Adams v. AT&T Mobility, LLC*, 816 F. Supp. 2d 1077, 1086 (W.D. Wash. 2011). In *Adams*, the arbitration provision read: "The Federal Arbitration Act applies to this agreement, except for qualifying small claims court cases." *Id.* The plaintiff sued in federal court arguing, like Nigohosian here, that because the claim *could* have been brought in small claims, it could be brought anywhere. The *Adams* court rejected that argument, concluding that "Verizon did not agree to permit a customer to bring a claim in whatever court the customer prefers as long as the claim could be the subject of a small claims suit." *Id.* The same is true here.

**B.     The FAA and Supreme Court Precedent Weigh Heavily Against Litigation.**

Even if the contract-interpretation were a close call (and it is not), SmileDirect's Motion demonstrates that the FAA's strong presumption in favor of arbitration requires the Court to resolve any doubt about ADR in favor of ADR. (Doc. 27 ("Mot.") at 4–5, 13–14.)

Nigohosian argues that this strong presumption "is inapplicable because the question

before the Court is not whether Nigohosian's claims must be *arbitrated* but *where* they can be *litigated*." (Opp. at 4–5; *see also id.* at 11.) But that view neglects the broader point: The FAA and courts favor arbitration not because of some abstract issue concerning arbitrability, but because it is cheaper, faster, and easier than litigation.

Phrased differently, the presumption in favor of arbitration is really a presumption *against* litigation. *See Stout v. JD Byrider*, 228 F.3d 709, 714 (6th Cir. 2000) ("The FAA was designed to override judicial reluctance to enforce arbitration agreements, to relieve court congestion, and to provide parties with a speedier and less costly alternative to litigation."). Congress wished to promote arbitration as a cheaper and less-adversarial alternative to litigation. H.R. Rep. No. 96, 68th Cong., 1st Sess., 2 (1924) ("It is practically appropriate that the action should be taken at this time when there is *so much agitation against the costliness and delays of litigation*." (emphasis added)). The Supreme Court has recognized as much. *E.g.*, *AT&T Mobility LLC v. Concepcion*, 563 U.S. 333, 345 (2011).

The presumption thus applies equally to small-claims court, as that forum (like AAA arbitration) provides a convenient, affordable, and less-adversarial alternative to litigation. *E.g., Cicle v. Chase Bank USA*, 583 F.3d 549, 555 (8th Cir. 2009) ("small claims court . . . would afford [the plaintiff] a relatively inexpensive, quick, and easy adjudication"). Accordingly, the ADR Provision benefits from the FAA's strong pro-ADR presumption, and that presumption defeats any contrary canons of construction. (Mot. at 12.)

C. **SmileDirect Should Not be Punished for Offering a Consumer-Friendly ADR Provision.**

Courts are sensitive to the possibility a heavy-handed arbitration clause may create an obstacle for the consumer to pursue her dispute. *See, e.g.*, *Morrison v. Circuit City Stores, Inc.*, 317 F.3d 646, 657–65 (6th Cir. 2003) (finding a requirement to split the costs of arbitration too

burdensome on individuals to be enforceable). SmileDirect thus drafted the ADR Provision to be particularly consumer-friendly, giving Nigohosian the option of two forums: AAA arbitration or small-claims court.[1] Thus, a consumer with a dispute can avoid arbitration fees and inconvenient locales by electing to proceed in small-claims court.

In striving to provide its customers with a low-cost and convenient avenue for pursuing disputes, SmileDirect *has not* opened the door to massive, nationwide class-action lawsuits in federal court. To hold otherwise would not only punish SmileDirect for offering a consumer-friendly alternative; it would also encourage companies to draft strict arbitration clauses that make it difficult for consumers to pursue small disputes. This is contrary to federal policy.

## **CONCLUSION**

If for cost or convenience reasons, Nigohosian elects not to proceed in arbitration, then she may only raise her claims in small-claims court. Accordingly, the Court should enter an order compelling Nigohosian to either arbitrate or pursue in small-claims court all of her claims. If Nigohosian elects to proceed in small-claims court, then the Court should dismiss her claims with prejudice. If she elects to arbitrate, then the Court should (a) stay proceedings until the arbitrator concludes that the dispute is arbitrable, and then (b) dismiss Nigohosian's claims with prejudice.

---

[1] Courts, including this one, routinely enforce arbitration clauses that provide consumers the option to proceed in small-claims court. *E.g., Reeners v. Verizon Commc'ns, Inc.*, No. 3-11-0573, 2011 WL 2791262 (M.D. Tenn. July 14, 2011) (compelling arbitration under agreement giving consumer the option to arbitrate or sue in small-claims court).

Respectfully submitted,

/s/ John R. Jacobson
John R. Jacobson (BPR 14365)
Elizabeth O. Gonser (BPR 26329)
Riley Warnock & Jacobson, PLC
1906 West End Avenue
Nashville, TN 37203
T: (615) 320-3700
F: (615) 320-3737
jjacobson@rwjplc.com
egonser@rwjplc.com

*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was served via the Court's ECF Filing System this the 27th day of November, 2019.

| | |
|---|---|
| Edward M. Yarbrough<br>W. Justin Adams<br>Bone McAllester Norton PLLC<br>511 Union Street, Suite 1600<br>Nashville, TN 37219<br>eyarbrough@bonelaw.com<br>wadams@bonelaw.com | Richard Stone<br>Blackner, Stone & Assocs.<br>123 Australian Avenue<br>Palm Beach, FL 33480<br>rstoneesq@aol.com |
| Robert K. Spotswood<br>Michael T. Sansbury<br>Joshua K. Payne<br>Spotswood Sansom & Sansbury LLC<br>Financial Center<br>505 20th Street North, Suite 700<br>Birmingham, AL 35203<br>rks@spotswoodllc.com<br>msansbury@spotswoodllc.com<br>jpayne@spotswoodllc.com | |

/s/ John R. Jacobson