# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| DR. JOSEPH CICCIO, DR. VISHU RAJ, DR. ARTHURT KAPIT, and DENA NIGOHOSIAN et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>SMILEDIRECTCLUB, LLC, DAVID KATZMAN, STEVEN KATZMAN, and CAMELOT VENTURE GROUP,<br><br>    Defendants. | Case No. 3:19-cv-00845<br>Judge Aleta A. Trauger |

## MEMORANDUM & ORDER

SmileDirectClub, LLC ("SmileDirect") has filed a Motion to Compel Arbitration and Dismiss Nigohosian's Claims (Docket No. 26), to which Dena Nigohosian has filed a Response (Docket No. 38), and SmileDirect has filed a Reply (Docket No. 57). For the reasons set out herein, that motion will be granted in part and denied in part.

## I. BACKGROUND

According to the plaintiffs' Amended Complaint, Nigohosian is a Michigan resident who purchased dental aligners from SmileDirect. She claims that the aligners, which she used as an alternative to traditional orthodontic treatment, worsened her condition, which she describes as "snaggletooth." (Docket No. 36 ¶ 31.) She has pleaded putative class action claims against SmileDirect under the Michigan Consumer Protection Act, the federal Magnuson-Moss Act, and various other common law and statutory theories of liability. (*Id.* ¶¶ 174–208, 228–33.)

Nigohosian concedes that, as a SmileDirect customer with an online account, she was electronically required to accept terms set forth in an "Informed Consent" document that included an arbitration provision with the following relevant language:

> AGREEMENT TO ARBITRATE – I hereby agree that any dispute regarding the products and services offered my [sic] SmileDirectClub and/or affiliated dental professionals, including but not limited to medical malpractice disputes, will be determined by submission to arbitration and not my [sic] lawsuit filed in any court, except claims within the jurisdiction of Small Claims Court . . . . I agree that the arbitration shall be conducted by a single, neutral arbitrator selected by the parties and shall be resolved using the rules of the American Arbitration Association.

(Docket No. 27 at 3; Docket No. 38 at 2.) SmileDirect filed a motion to compel arbitration or to compel Nigohosian to pursue her claims in small claims court, which SmileDirect claims are the only avenues available to her under the provision. (Docket No. 26.) Nigohosian opposes the motion, pointing out that the arbitration provision excepts "claims *within the jurisdiction of*" small claims court, not merely claims *brought in* small claims court.[1] In its Reply, SmileDirect argues that Nigohosian's proposed interpretation of the arbitration provision "disregards the contract's context, contravenes the parties' intent, flouts both the Federal Arbitration Act and Supreme Court precedent, ignores the case law cited in SmileDirect's opening brief, and produces nonsensical results." (Doc. No. 57, at 2.)

## II. LEGAL STANDARD

The question of whether the plaintiff's claim must be arbitrated is governed by the Federal Arbitration Act ("FAA"). The FAA provides that a written arbitration agreement "shall be valid,

---

[1] Tennessee's judicial statutes do not specifically discuss "small claims" court, but the jurisdiction for general sessions courts, which typically handle small claims, extends generally to civil cases up to $25,000. Tenn. Code Ann. § 16-15-501(d)(1). In contrast, Michigan small claims courts have jurisdiction over claims seeking recovery not exceeding $6,000. Mich. Comp. Laws Ann. § 600.8401(c). Nigohosian, in the Amended Complaint, concedes that her individual recovery would not exceed $25,000. (Docket No. 36 ¶ 162.) Therefore, she argues, her claim is within the jurisdiction of small claims court of the forum state in which she has brought the claim.

irrevocable, and enforceable, save upon such grounds as exist in law or in equity for the revocation of any contract." 9 U.S.C. § 2. There is a strong presumption in favor of arbitration under the FAA. *Morrison v. Circuit City Stores, Inc.*, 317 F.3d 646, 652–53 (6th Cir. 2003). Any doubts regarding arbitrability must be resolved in favor of arbitration. *Fazio v. Lehman Bros., Inc.*, 340 F.3d 386, 392 (6th Cir. 2003). Where a litigant establishes the existence of a valid agreement to arbitrate the dispute at issue, the court must grant the litigant's motion to compel arbitration and stay or dismiss proceedings until the completion of arbitration. *Glazer v. Lehman Bros., Inc.*, 394 F.3d 444, 451 (6th Cir. 2005) (citing 9 U.S.C. §§ 3–4). The party opposing arbitration has the burden to prove that there is a "genuine issue of material fact as to the validity of the agreement to arbitrate." *Brubaker v. Barrett*, 801 F. Supp. 2d 743, 750 (E.D. Tenn. 2011) (quoting *Great Earth Cos. v. Simons*, 288 F.3d 878, 889 (6th Cir. 2002)).

### III. ANALYSIS

In determining whether to compel arbitration of a party's claims, the court must "engage in a limited review to determine whether the dispute is arbitrable." *Masco Corp. v. Zurich Am. Ins. Co.*, 382 F.3d 624, 627 (6th Cir. 2004) (quoting *Javitch v. First Union Sec., Inc.*, 315 F.3d 619, 624 (6th Cir. 2003)). This review requires the court to determine whether "a valid agreement to arbitrate exists between the parties and [whether] the specific dispute falls within the substantive scope of the agreement." *Landis v. Pinnacle Eye Care, LLC*, 537 F.3d 559, 561 (6th Cir. 2008). Nigohosian's argument falls under the latter of those two inquiries: she argues that, because her claims are within the statutory jurisdiction of small claims court, they do not fall within the substantive scope of the SmileDirect arbitration provision.

As a preliminary matter, SmileDirect argues that this court should not rule on whether Nigohosian's claim is subject to mandatory arbitration, because the issue of arbitrability itself

3

should be left to an arbitrator. It is well settled that "parties can agree to arbitrate 'gateway' questions of 'arbitrability,' such as whether the parties have agreed to arbitrate or whether their agreement covers a particular controversy." *Danley v. Encore Capital Grp., Inc.*, 680 F. App'x 394, 398 (6th Cir. 2017) (quoting *Rent-A-Ctr., W., Inc. v. Jackson*, 561 U.S. 63, 68–69 (2010)). However, the mere existence of an arbitration provision does not mean that gateway determinations are arbitrable; to the contrary, the Sixth Circuit has stressed that "[t]he question of arbitrability is one for the courts unless the parties 'clearly and unmistakably provide otherwise.'" *McGee v. Armstrong*, 941 F.3d 859, 865–66 (6th Cir. 2019) (quoting *Howsam v. Dean Witter Reynolds, Inc.*, 537 U.S. 79, 83 (2002)).

Nigohosian advances two arguments for why the issue of arbitrability should not be for the arbitrator to decide. First, she argues that the agreement does not clearly and unmistakably state that arbitrability is an issue for the arbitrator. Second, she argues that there is no reasonable dispute with regard to whether her claims are arbitrable, because the arbitration provision is unambiguous, and SmileDirect does not dispute that her claim is within the jurisdiction of small claims court.

With regard to whether the arbitration provision clearly commits gateway issues to the arbitrator, SmileDirect relies on the fact that the provision states that any arbitration thereunder shall be resolved using the rules of the American Arbitration Association ("AAA"). AAA Rules grant an arbitrator the power to construe and rule on her own jurisdiction, and the Sixth Circuit has, therefore, suggested that an incorporation of the AAA rules is, generally speaking, an indication of an agreement to have the arbitrator make the initial determination of arbitrability. *McGee*, 941 F.3d at 866. Nigohosian, however, points out a complication in that logic that some courts have recognized in cases, like this one, that involve express carve-outs from arbitration provisions. A carve-out from the arbitration provision, Nigohosian argues, is also, as written, a

4

carve-out from the applicability of the AAA Rules, and, therefore, adoption of the AAA Rules is not a referral to arbitration for claims within the carve-out, including with regard to arbitrability. *See Archer & White Sales, Inc. v. Henry Schein, Inc.*, 935 F.3d 274, 281–82 (5th Cir. 2019) ("The plain language incorporates the AAA rules—and therefore delegates arbitrability—for all disputes except those under the carve-out. Given that carve-out, we cannot say that the Dealer Agreement evinces a 'clear and unmistakable' intent to delegate arbitrability.").

Nigohosian's argument, however, would be equally applicable to *any* argument about the scope of an arbitration provision. If an arbitration provision provides that its scope is itself subject to mandatory arbitration, it must, by definition, be the case that mandatory arbitration extends not only to all actually arbitrable cases, but also, at least, to colorably arbitrable cases *for the limited purpose of determining arbitrability*. Otherwise, the commitment of the gateway issue to the arbitrator would be meaningless. The Sixth Circuit has acknowledged as much, holding that, where an agreement delegates the issue of arbitrability to an arbitrator, that delegation, at the very least, "applies . . . to claims that are . . . arguably covered by the agreement." *McGee*, 941 F.3d at 866 (quoting *Turi v. Main Street Adoption Services, LLP*, 633 F.3d 496, 511 (6th Cir. 2011)). The court sees no reason why the fact that Nigohosian relies on a carve-out, as opposed to some other limitation on the scope of the arbitration provision, would alter that basic principle. The scope of a referral of "gateway" issues implies a referral broader than the substantive referral of claims under the mandatory arbitration to which the gateway referral relates. A carve-out to the claims subject to arbitration is, therefore, not necessarily a carve-out to the gateway referral.[2]

---

[2] The court notes, moreover, that, in the Fifth Circuit case on which Nigohosian relies for support of her argument that the carve-out from the arbitration provision is also a carve-out from the applicability of the AAA rules, the court relied on a close reading of the particular syntax of the provision at issue to find a nexus between the carve-out and the Rules. *See Archer & White*, 935 U.S. at 281–82. Here, however, that close syntactic relationship does not exist.

5

The Supreme Court, moreover, has recently expanded the strong rule in favor of referral to arbitration beyond even what the Sixth Circuit had previously acknowledged. In *Henry Schein, Inc. v. Archer & White Sales, Inc.*, 139 S. Ct. 524 (2019), the Supreme Court held that, where the threshold issue of arbitrability has clearly and unmistakably been committed to an arbitrator, and one party files a motion seeking to compel arbitration, the court must refer the matter, even if the movant's argument that the claim is arbitrable is "wholly groundless." *Id.* at 531. The Sixth Circuit has expressly read that holding as repudiating earlier Sixth Circuit precedents holding that a court is not required to refer a claim for a determination of arbitrability if it falls "clearly outside the scope of the arbitration clause." *McGee*, 941 F.3d at 866 (quoting *Turi*, 633 F.3d at 507). Nigohosian's argument that the agreement is unambiguous is, therefore, not a defense to referral.

The court, therefore, will refer Nigohosian's claim for arbitration, without prejudice to Nigohosian's disputing the question of arbitrability before the arbitrator. SmileDirect agrees that there is no need to dismiss the claims while the issue of arbitrability is before an arbitrator. The court, accordingly, will stay its consideration of Nigohosian's claims pending arbitration.

## IV. CONCLUSION

For the foregoing reasons, SmileDirect's Motion to Compel Arbitration and Dismiss Nigohosian's Claims (Docket No. 26) is hereby **GRANTED** in part and **DENIED** in part. Nigohosian's claims are hereby **REFERRED** to arbitration, without prejudice to Nigohosian's objecting to the applicability of the mandatory arbitration provision before the arbitrator. Consideration of Nigohosian's claims in this court is hereby **STAYED**.

It is so **ORDERED**.

_____
ALETA A. TRAUGER
United States District Judge