IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| DR. JOSEPH CICCIO, *et al.*, | ) |
| Plaintiffs, | ) |
| | ) Civil No. 3:19-cv-00845 |
| v. | ) |
| | ) Judge Trauger |
| SMILEDIRECTCLUB, LLC, *et al.*, | ) |
| Defendants. | ) |

**MOTION TO REJOIN PLAINTIFFS, OR IN THE ALTERNATIVE, TO INTERVENE**

Pursuant to Rule 20(a)(1) of the Federal Rules of Civil Procedure, Plaintiffs move for an order from this Court rejoining consumers Dena Nigohosian and Dana Johnson as plaintiffs in this action. In the alternative, pursuant to Rule 24(b)(1)(B), Nigohosian and Johnson move to intervene in and rejoin this action. In support of this Motion, Plaintiffs, Nigohosian, and Johnson show the Court as follows:

**INTRODUCTION**

Both providers and consumers initially brought this class-action case against SmileDirectClub, LLC ("SmileDirect"), seeking to enjoin SmileDirect's anticompetitive and deceptive business practices and to recover money damages resulting from that misconduct. (Complaint (Doc. 1); Amended Complaint (Doc. 36).) In response to the consumer claims, SmileDirect moved to compel arbitration on the basis of a standard-form arbitration agreement it drafted and imposed on each of its customers. (Motion to Compel & Brief (Docs. 26 & 27); Reply in Support of Motion (Doc. 57).) The Consumer Plaintiff against whom SmileDirect directed its motion, Dena Nigohosian, argued that the consumer claims fell within the arbitration agreement's exception clause and therefore were not subject to arbitration. (Response to Motion

to Compel (Doc. 38).) On December 2, 2019, this Court granted SmileDirect's motion to compel arbitration, holding that the arbitration agreement's provision stating that any arbitration thereunder shall be resolved using the rules of the American Arbitration Association ("AAA") committed gateway issues—including construction of the exception clause—to the arbitrator. (Mem. & Order (Doc. 58).) In the light of this Court's ruling, Nigohosian, Dana Johnson, and the other Consumer Plaintiffs voluntarily dismissed their claims in this case without prejudice. (Notices of Voluntary Dismissal Without Prejudice (Docs. 64 & 78).)

On January 27, 2020, Dana Johnson filed a Demand for Arbitration with the AAA, individually and on behalf of a class of consumers, against SmileDirect and others. (Arbitration Demand, attached hereto as **Exhibit A**.) On February 26, 2020, the AAA determined that the arbitration agreement is unenforceable under AAA rules (specifically, the Healthcare Due Process Protocol) because it was entered into pre-dispute instead of post-dispute. (Letter from AAA Assistant Vice President Adam Shoneck, attached hereto as **Exhibit B**.) The AAA reaffirmed its determination on February 27, 2020, stating, in response to an inquiry from counsel for Defendants, "[r]egarding the Healthcare Due Process Protocol ('Protocol'), American Arbitration Association makes an initial, administrative determination whether the Protocol applies. It is our determination that it does apply in this matter; accordingly, we cannot offer our administrative services unless the parties agree to proceed." (Email from AAA Assistant Vice President Adam Shoneck, attached hereto as **Exhibit C**.)

SmileDirect was aware of the AAA's view that SmileDirect's pre-dispute arbitration agreements were unenforceable, at least as of November 14, 2019. (November 14, 2019 Letter from AAA Consumer Filing to SmileDirect and consumer S.E., attached hereto as **Exhibit D** (consumer name partially redacted).) SmileDirect failed to bring that development to this Court's

2

attention in its Reply supporting its Motion to Compel Arbitration, which was filed on November 27, 2019. (Doc. 57.) Instead, SmileDirect misleadingly argued that the arbitration agreement was enforceable under AAA rules. (*See id.* at 2 (referring to arbitration agreement's requirement of "binding AAA arbitration" or small claims court).)

Because the AAA has determined that SmileDirect's arbitration agreement is unenforceable under AAA rules, Plaintiffs, Dena Nigohosian, and Dana Johnson seek an order from this Court rejoining to this action Nigohosian and Johnson. Plaintiffs intend to rejoin other of the original Consumer Plaintiffs as well, in addition to a number of new consumers, through a motion for leave to file an amended complaint that will be substantially similar to the Amended Complaint (Doc. 36) currently on file. Plaintiffs intend to file their motion for leave to amend and proposed amended complaint expeditiously, within 14 days.

## STANDARD OF DECISION

Rule 20(a)(1) allows joinder of plaintiffs if "(A) they assert any right to relief jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all plaintiffs will arise in the action." "The purpose of the rule is to promote trial convenience and expedite the final determination of disputes, thereby preventing multiple lawsuits." Wright & Miller, 7 Fed. Prac. & Proc. Civ. § 1652 (3d ed.) (notes omitted). "[T]he court has discretion to deny joinder if it determines that the addition of the party under Rule 20 will not foster the objectives of the rule, but will result in prejudice, expense or delay." *Id.* (cited in *Bridgeport Music, Inc. v. 11C Music*, 202 F.R.D. 229, 232 (M.D. Tenn. 2001)).

Rule 24(b)(1)(B) allows intervention of anyone who "has a claim or defense that shares with the main action a common question of law or fact." "A motion under Rule 24(b) is

3

addressed to the sound discretion of the District Court." *Brewer v. Republic Steel Corp.*, 513 F.2d 1222, 1225 (6th Cir. 1975). "The principal consideration, which Rule 24(b)(3) requires the court to consider in exercising its discretion, is 'whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights.'" Wright & Miller, 7C Fed. Prac. & Proc. Civ. § 1913 (3d ed.) (quoting Fed. R. Civ. P. 24(b)(3)) (note omitted).

## ARGUMENT

**I.    Nigohosian and Johnson assert rights to relief arising out of the same transaction, occurrence, or series of transactions or occurrences as Plaintiffs, and questions of law or fact common to them and all Plaintiffs arise in the action.**

Nigohosian and Johnson meet the requirements of Rule 20(a)(1) and Rule 24(b)(1)(B). Indeed, the Amended Complaint (Doc. 36) (a copy of which is attached hereto as **Exhibit E**) currently on file on this Court's docket already lists Nigohosian and Johnson as plaintiffs and already includes their allegations, claims, and requests for relief. Through this Motion, Nigohosian and Johnson simply seek to rejoin this action as plaintiffs and reactivate the Amended Complaint as to them.

There is no dispute that Nigohosian and Johnson were properly joined as plaintiffs originally. Nor could there be, as each asserts rights to relief arising out of the same transaction, occurrence, or series of transactions or occurrences as Plaintiffs, and questions of law or fact common to them and all Plaintiffs arise in the action. Likewise, Nigohosian and Johnson have a claim that shares with the main action common questions of law or fact.

**II.   The Court should exercise its discretion in the interest of justice, fairness, and efficiency to allow Nigohosian and Johnson to re-join this action.**

The only reason Nigohosian and Johnson voluntarily dismissed their claims without prejudice in this case was because this Court granted SmileDirect's motion to compel arbitration and held that the arbitration agreement's use of the AAA rules committed gateway issues to the

4

arbitrator. Because the AAA has determined that the arbitration agreement is unenforceable, Nigohosian and Johnson ask this Court to put them back in the position they were in before the Court's ruling.

That result is just and fair, and it in no way prejudices the Defendants, who also would be put back in the position they were in before the Court's ruling. It also is efficient, as adjudicating the competitor and consumer claims together will allow the common questions of fact and law to be dealt with once instead of multiple times, potentially by different courts or different juries. This case will not be materially delayed by allowing Nigohosian and Johnson to rejoin. Even if delay were an issue, that would not be the fault of Nigohosian and Johnson, who voluntarily dismissed their claims without prejudice only in response to the ruling of this Court.

Furthermore, because SmileDirect chose not to bring it to this Court's attention, the Court's December 2, 2019, ruling was made without the benefit of the AAA's November 14, 2019, determination that SmileDirect's pre-dispute arbitration agreements were unenforceable. SmileDirect and the other Defendants should not be rewarded for concealing the AAA's November 14, 2019, determination and deliberately arguing in SmileDirect's November 27, 2019, Reply that the arbitration agreement was enforceable when the AAA had determined it was not.

As a result, joinder, or in the alternative, intervention, is appropriate here.

**III.     The Court's prior arbitration ruling is no impediment to granting this Motion.**

In its December 2, 2019, ruling, the Court referred Nigohosian's claims to arbitration on the basis of the arbitration agreement's provision stating that any arbitration thereunder shall be resolved using the rules of the AAA. Based on the AAA's determination in Johnson's arbitration (and S.E.'s arbitration) that, according to AAA rules, SmileDirect's arbitration agreement is

5

unenforceable, the Court may allow Nigohosian and Johnson to rejoin this action consistent with its December 2, 2019, ruling. The AAA has now determined the enforceability of the arbitration agreement (in the negative), in accordance with this Court's order. There is nothing further for the AAA to do, and this Court may re-take jurisdiction over the consumer claims.

## CONCLUSION

For these reasons, the Court should order that Dena Nigohosian and Dana Johnson are rejoined to this action as plaintiffs as set forth in the Amended Complaint (Doc. 36).

DATED: March 3, 2020

Respectfully submitted,

s/Edward M. Yarbrough
Edward M. Yarbrough, TNBPR#004097
W. Justin Adams, TNBPR#022433
BONE MCALLESTER NORTON PLLC
511 Union Street, Suite 1600
Nashville, Tennessee 37219
TEL: (615) 238-6390
FAX: (615) 687-6990
eyarbrough@bonelaw.com
wjadams@bonelaw.com

Robert K. Spotswood, Alabama Bar # ASB-7015-P76R
Michael T. Sansbury, Alabama Bar # ASB-6473-A53S
Joshua K. Payne, Alabama Bar # ASB-1041-A55P
SPOTSWOOD SANSOM & SANSBURY LLC
Financial Center
505 20th Street North
Suite 700
Birmingham, Alabama 35203
TEL: (205) 986-3620
FAX: (205) 986-3639
rks@spotswoodllc.com
msansbury@spotswoodllc.com
jpayne@spotswoodllc.com

Richard Stone, U.S. Dist. Ct. S.D.N.Y. Bar # RS5324
BLACKNER, STONE & ASSOCS.
123 Australian Avenue

Palm Beach, Florida 33480
TEL: 561-804-9569
rstoneesq@aol.com

*Attorneys for the Plaintiffs*

**CERTIFICATE OF SERVICE**

   I certify that on March 3, 2020, I filed the foregoing with the Court's CM/ECF system which will provide notice to counsel for the Defendants, as follows:

  John R. Jacobson
  Elizabeth O. Gonser
  Riley Warnock & Jacobson, PLC
  1906 West End Avenue
  Nashville, TN 37203
  jjacobson@rwjplc.com
  egonser@rwjplc.com

           s/ Edward M. Yarbrough