# IN THE UNITED STATES DISTRICT COURT FOR THE
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| DR. JOSEPH CICCIO, *et al.*, | ) |
| | ) Civil Action No.: 3:19-cv-00845 |
| Plaintiffs, | ) |
| | ) Judge Aleta A. Trauger |
| v. | ) |
| | ) |
| SMILEDIRECTCLUB, LLC., *et al.*, | ) |
| | ) JURY DEMAND |
| Defendants. | ) |

**DEFENDANT'S OPPOSITION TO JOHNSON'S MOTIONS TO STRIKE DEFENDANT'S MOTION TO COMPEL ARBITRATION (DKT. 100) AND TO STAY BRIEFING ON DEFENDANT'S MOTION TO COMPEL ARBITRATION PENDING RESOLUTION OF PLAINTIFFS' MOTION TO STRIKE (DKT. 101)**

## INTRODUCTION

The Court should deny both Johnson's Motion to Strike Defendant SmileDirectClub, LLC's Motion to Compel Arbitration (Dkt. #100) and his Motion to Stay Briefing on that motion (Dkt. #101). Both of Johnson's motions wrongly presume that the Court has already decided the issues presented in Defendant's Motion to Compel Arbitration. But that is not the case.

The Court's earlier ruling resolved Johnson's request to rejoin the case, or to intervene in it. Those motions presented different issues, argued under different rules, and are decided under different standards from Defendant's pending Motion to Compel Arbitration. Because of those differences, the law-of-the-case doctrine does not apply here.

More fundamentally, Johnson's position is not only inequitable, it would also end-run the national policy that Congress expressed by passing the Federal Arbitration Act ("FAA"). To further the federal policy favoring arbitration, the FAA granted parties the right to petition courts to compel arbitration (in § 4), and the right to appeal from decisions denying those petitions (in

§ 16). Johnson's Motion to Strike, if granted, would deny Defendant both of those rights.

Johnson cannot justify that result by claiming that the rights do not attach here because arbitration has already taken place, as that claim, charitably, is flatly false. Nor can Johnson credibly suggest that his motion to rejoin/intervene *was* a petition under FAA § 4, or claim any surprise that Defendant has moved to compel arbitration. In opposing Johnson's motion to rejoin/intervene, Defendant noted that if the Court allowed Johnson to rejoin the litigation, they would seek to compel arbitration. (Dkt. #87 at 3.) Further, the Court's Order granting Johnson's motion to rejoin/intervene acknowledged that SmileDirect had not yet moved to compel arbitration of Johnson's claims. (Dkt. #95 (06/02/20 Order) at 15.) Simply put, Johnson cannot cleverly recast his prior motion as a § 4 petition or the Court's June 2 Order as an order denying a § 4 petition.

Ultimately, Johnson presents no good reason to strike Defendant's Motion to Compel Arbitration or to stay briefing on that motion. The Court should deny both motions and thus ensure that Defendant is able to avail itself of the rights that Congress bestowed upon them in the FAA.

## ARGUMENT

The Court should deny both of Johnson's motions. As explained below, both proceed from a flawed premise—that the law-of-the-case doctrine precludes Defendant from moving to compel arbitration. Further, both of Johnson's motions wrongly seek to undercut Defendant's right to properly adjudicate its rights under the arbitration clause.

**A.     Johnson premises both motions on the law-of-the-case doctrine, which does not apply here.**

Johnson's motions both proceed from an incorrect premise. Johnson contends that, because the briefing on his motion to intervene/rejoin touched upon the arbitration clause in his contract with SmileDirect, the law-of-the-case doctrine bars Defendant from moving to compel

2

arbitration. Not so.

Sixth Circuit precedent shows that the law-of-the-case doctrine does not apply here. The doctrine is "limited to those questions necessarily decided in [an] earlier appeal." *Burley v. Gagacki*, 834 F.3d 606, 618 (6th Cir. 2016) (quoting *Hanover Ins. Co. v. Am. Eng'g Co.*, 105 F.3d 306, 312 (6th Cir. 1997)). Here, there was no prior appeal. But even if a prior order in the same court suffices, the law-of-the-case doctrine still does not apply, because the doctrine applies only to issues that were necessarily decided—that is, "fully briefed and squarely decided"—in the prior order. *Burley*, 834 F.3d at 618 (quoting *Vander Boegh v. EnergySolutions, Inc.*, 772 F.3d 1056, 1071 (6th Cir. 2014)). Importantly, district courts abuse their discretion by applying the law-of-the-case doctrine to bar consideration of an issue related to, but different from, the issue previously presented. *DaimlerChrysler Corp.*, 300 F.3d 711, 715 (6th Cir. 2002) ("it was an abuse of discretion for Judge Borman to hold that the law-of-the-case doctrine barred him from considering" an issue different from the one previously decided).

The issue that Defendant's Motion to Compel Arbitration presents—whether the parties' arbitration agreement and FAA § 4 obligate Johnson to pursue his claims in arbitration—was neither fully briefed nor squarely decided in the prior briefing and order. Johnson previously moved for joinder or to intervene, under Rules 20 and 24. As Johnson himself noted, the district court has broad discretion in deciding motions under those rules. (Dkt. #85 at 3–4.) Defendant's Motion to Compel Arbitration, by contrast, is governed by the FAA, not by Rules 20 or 24. And the FAA applies a much more stringent standard of review, curtailing district courts' discretion by requiring them to resolve "any doubts regarding arbitrability . . . in favor of arbitration." *Myers v. TRG Customer Sols., Inc.*, No. 1:17-CV-00052, 2017 WL 5478398, at *2–3 (M.D. Tenn. Nov. 15, 2017) (Trauger, J.) (citing *Glazer v. Lehman Bros., Inc., 3*94 F.3d 444, 451 (6th Cir. 2005)).

3

Johnson's motion to rejoin/intervene and Defendant's Motion to Compel Arbitration present different issues that must be decided under different standards, so the Court has not had occasion to decide the issues presented by Defendant's Motion—much less the occasion to do so squarely.

Simply put, Defendant's Motion to Compel Arbitration presents a different issue, decided under a different standard of review, from the issues that the Court's June 2 Order resolves. The law-of-the-case doctrine thus does not apply here.

**B.   Johnson's Motions seek to undercut Defendant's rights to properly adjudicate Johnson's arbitration obligations.**

Courts have long recognized that the FAA reflects a "liberal federal policy favoring arbitration." *AT&T Mobility LLC v. Concepcion*, 563 U.S. 333, 339, 131 S. Ct. 1740, 1745, (2011) (quoting *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24 (1983)); *see also Myers*, 2017 WL 5478398, at *2–3 (recognizing that the FAA reflects "a strong presumption in favor of arbitration"). To effectuate that policy, Congress granted parties the right to enforce arbitration agreements in court.

Defendant thus has a right, enshrined in the U.S. Code, to petition the Court for "an order directing that . . . arbitration proceed in the manner provided for in [the parties'] agreement." 9 U.S.C. § 4. Similarly, if the Court denies that petition, Defendant has a right to appeal that order. *Id.* § 16.

Defendant has had no opportunity to pursue those rights. As noted above, Johnson's motion to rejoin/intervene was not a motion under FAA § 4. Indeed, Defendant could not have pursued relief under FAA § 4 until *after* the Court granted Johnson's motion to rejoin/intervene. Before the Court granted that motion, Johnson was not a party. He had voluntarily dismissed his claims months prior. (Dkt. #64.) And it goes without saying that Defendant could not petition the Court for an order compelling a nonparty to arbitrate. Thus, Defendant had no opportunity to

4

exercise its rights under FAA § 4 until after the Court's June 2 Order.

Similarly, Defendant has not yet had an opportunity to exercise its appeal rights under FAA § 16—and it will not have that opportunity until the Court denies its Motion to Compel Arbitration, if the Court chooses to do so. That much is plain from the FAA's text, which authorizes an appeal "denying a petition under section 4 of this title to order arbitration to proceed." 9 U.S.C. § 16(a)(1)(B). The Court's June 2 Order did not "deny[] a petition under [FAA § 4] to order arbitration to proceed" because no § 4 petition was before the Court until Defendant moved to compel arbitration. *Id.*

Granting Johnson's Motion to Strike will thwart Defendant's rights under the FAA. Striking Defendant's Motion to Compel Arbitration will prevent Defendant from ever being able to file a petition under FAA § 4. And without an order resolving a § 4 petition, Defendant will never be able to appeal under FAA § 16. That is the precise opposite of what Congress intended when it passed the FAA. It is also the precise opposite of what Congress *said* in the FAA's text. Johnson's Motion to Strike thus wrongly seeks to undermine Defendant's statutory rights to petition the Court to compel arbitration under FAA § 4 and to appeal any adverse ruling under FAA § 16. That, in itself, justifies denying Johnson's motion.

### C. Johnson is wrong to suggest that arbitration has already occurred.

Johnson's Motion to Strike misrepresents what the AAA did, and thus wrongfully suggests that the arbitration has already concluded. Specifically, Johnson says that the AAA issued a "finding that Mr. Johnson's claims were not arbitrable." (Dkt. #100 at 1.)

Johnson thus doesn't just spin the truth; he contorts it. For one thing, no arbitrator issued a "finding" or issued a decision of any sort. Indeed, the AAA never appointed an arbitrator. For another thing, the AAA never concluded that Johnson's claims "were not arbitrable." Instead, an AAA administrator told the parties that AAA declined to administer the arbitration, based on an

5

internal policy. It issued no findings. It reached no conclusions about whether Johnson's claims were arbitrable. No arbitration has occurred.

That, of course, is consistent with the AAA's description of its own role as an administrator. The AAA states in its Consumer Arbitration Rulebook, "As administrator,. . . the AAA does not decide the merits of a case." AAA Consumer Arbitration Rules, at 6, 39 (available at https://adr.org/sites/default/files/Consumer%20Rules.pdf) (last visited June 17, 2020). So not only didn't the AAA make any finding about arbitrability, by its own standards, it *couldn't*.

**D.  Johnson offers no good reason to stay briefing.**

The Court should also deny Johnson's request for a stay. As noted above, Johnson anchors his request for stay to the law-of-the-case doctrine (Dkt. #101, ¶ 1), which does not apply here. Johnson's only other reason for requesting a stay is that Defendant's response to his Motion to Strike is not due until after the deadline for Johnson's response to Defendant's Motion to Compel Arbitration (*id.* ¶ 3). By filing this response early, Defendant has negated that concern.

There is no good reason for delay. Johnson should offer any arguments he has against Defendant's Motion to Compel by June 22, as the Rules require.

## CONCLUSION

For the reasons outlined above, the Court should deny both Johnson's Motion to Strike and his Motion to Stay.

6

Case 3:19-cv-00845   Document 102   Filed 06/18/20   Page 6 of 8 PageID #: 2689

Respectfully submitted,

/s/ John R. Jacobson
John R. Jacobson (BPR 14365)
Elizabeth O. Gonser (BPR 26329)
Riley Warnock & Jacobson, PLC
1906 West End Avenue
Nashville, TN 37203
T: (615) 320-3700
F: (615) 320-3737
jjacobson@rwjplc.com
egonser@rwjplc.com

*Attorneys for Defendants*

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing document was served on the below via the Court's ECF Filing System this 18th day of June 2020.

| | |
|---|---|
| Edward M. Yarbrough<br>W. Justin Adams<br>Bone McAllester Norton PLLC<br>511 Union Street, Suite 1600<br>Nashville, TN 37219<br>eyarbrough@bonelaw.com<br>wadams@bonelaw.com | Richard Stone<br>Blackner, Stone & Assocs.<br>123 Australian Avenue<br>Palm Beach, FL 33480<br>rstoneesq@aol.com |

Robert K. Spotswood
Michael T. Sansbury
Joshua K. Payne
Spotswood Sansom & Sansbury LLC
Financial Center
505 20th Street North, Suite 700
Birmingham, AL 35203
rks@spotswoodllc.com
msansbury@spotswoodllc.com
jpayne@spotswoodllc.com

/s/ John R. Jacobson