UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| DR. JOSEPH CICCIO et al., )<br>)<br>Plaintiffs, )<br>)<br>v. )<br>)<br>)<br>SMILEDIRECTCLUB, LLC et al., )<br>)<br>Defendants. ) | Case No. 3:19-cv-00845<br>Judge Aleta A. Trauger |

**MEMORANDUM & ORDER**

Defendant SmileDirectClub, LLC ("SmileDirect") has filed a Motion to Compel Arbitration of Dana Johnson's Claims (Docket No. 97), to which Johnson and the other plaintiffs have filed a Response (Docket No.103). The plaintiffs have filed a Motion to Strike (Docket No. 100) and a Motion to Stay (Docket No. 101), to which SmileDirect has filed a Response (Docket No. 102). For the reasons set forth herein, the motions will be denied.

**I. BACKGROUND**

Most of the details relevant to the pending motions are set forth in the court's Memorandum and Order of December 2, 2019 (Docket No. 58) and its Memorandum of June 2, 2020 (Docket No. 95). SmileDirect is an orthodontic supply and marketing company. It operates the "SmileDirect Program," a program that combines teledentistry and plastic aligners to provide an alternative to traditional orthodontic treatment. SmileDirect has been accused, in this court and elsewhere, of marketing the SmileDirect program in various dishonest and misleading ways.

When a patient subscribes to the SmileDirect program, he, among other things, enters into an arbitration agreement with the company:

1

> AGREEMENT TO ARBITRATE – I hereby agree that any dispute regarding the products and services offered my [sic] SmileDirectClub and/or affiliated dental professionals, including but not limited to medical malpractice disputes, will be determined by submission to arbitration and not my [sic] lawsuit filed in any court, except claims within the jurisdiction of Small Claims Court . . . . I agree that the arbitration shall be conducted by a single, neutral arbitrator selected by the parties and shall be resolved using the rules of the American Arbitration Association ["AAA"].

(Docket No. 27 at 3; Docket No. 38 at 2.) The pending motions are primarily about the final phrase of that provision: "shall be resolved using the rules of the American Arbitration Association."

The initial Complaint in this case was filed by a SmileDirect customer, Dena Nigohosian, and three dentists/orthodontists, Dr. Joseph Ciccio, Dr. Arthur Kapit, and Dr. Vishu Raj. (Docket No. 1 ¶¶ 13–16.) On October 25, 2019, the defendants filed a Motion to Compel Arbitration by Nigohosian (Docket No. 27). On November 15, 2019, while the Motion to Compel Arbitration was pending, the plaintiffs filed an Amended Complaint that, among other things, added several new consumer plaintiffs, including Johnson. (Docket No. 36.)

On December 2, 2019, the court granted the Motion to Compel Arbitration regarding Nigohosian's claims in part and denied it in part. (Docket No. 58.) The court did not rule on the ultimate arbitrability of Nigohosian's claims against SmileDirect, but rather concluded that, under the terms of the relevant arbitration clause, the threshold issue of arbitrability should be decided, in the first instance, through the arbitration process. (*Id.* at 6.) The court retained jurisdiction over Nigohosian's claims but stayed its consideration of them. (*Id.*) On December 12, 2019, all of the remaining consumer plaintiffs, including Johnson but excluding Nigohosian and one other, filed a Notice of Voluntary Dismissal Without Prejudice. (Docket No. 64.) Nigohosian and the other remaining plaintiff filed a Notice of Voluntary Dismissal on January 13, 2020. (Docket No. 78.) Based on the court's discussion with the parties at the initial case management conference, it

appears that the individual plaintiffs dismissed their claims because they believed, at the time, that they were likely to be ordered by the court into arbitration, as Nigohosian was.

On January 27, 2020, Johnson filed a Demand for Arbitration against SmileDirect and other defendants with the AAA. On February 26, 2020, AAA Assistant Vice President Adam Shoneck sent the attorneys involved a letter informing them that the AAA's "Healthcare Due Process Protocol" dictates that the AAA "may only proceed forward on arbitration matters arising out of healthcare treatment agreements if the parties agree to binding forms of dispute resolution <u>after a dispute arises</u>." (Docket No. 85-2 at 1 (emphasis in original).) The underlying framework of AAA rules and policies is explained in more detail in the court's Memorandum of June 2, 2020. (Docket No. 95 at 9–14.) In short, the AAA's Consumer Arbitration Rules require that any consumer dispute submitted to arbitration undergo a review to determine whether administering an arbitration of the suit is consistent with the AAA's due process policies. The Consumer Arbitration Rules provide that, if a dispute fails that review, "either party may choose to submit its dispute to the appropriate court for resolution." (Docket No. 89-1 at 11.) Pursuant to that process, the AAA rejected the dispute between Johnson and SmileDirect as in violation of the AAA's policies specific to healthcare cases.

Johnson and Nigohosian filed a motion seeking to rejoin the case. (Docket No. 85.) On June 2, 2020, the court granted the motion. (Docket Nos. 95 & 96.) The court made clear, however, that its earlier order compelling Nigohosian to arbitrate her claims remained in force, and the court stayed consideration of her claims. With regard to Johnson, the court surveyed other courts' treatment of the AAA's healthcare policies, the text of the AAA's Consumer Arbitration Rules, the language of the arbitration clause, and the parties' arguments, concluding that "Johnson has established . . . that, by the terms of AAA rules to which the parties mutually agreed, he is free to

'submit [his] dispute to the appropriate court for resolution.'" (Docket No. 95 at 14 (quoting (Docket No. 89-1) at 11).) The pending motions followed shortly thereafter.

## II. LEGAL STANDARD

The question of whether the plaintiff's claim must be arbitrated is governed by the Federal Arbitration Act ("FAA").The FAA provides that a written arbitration agreement "shall be valid, irrevocable, and enforceable, save upon such grounds as exist in law or in equity for the revocation of any contract." 9 U.S.C. § 2. There is a strong presumption in favor of arbitration under the FAA. *Morrison v. Circuit City Stores, Inc.*, 317 F.3d 646, 652–53 (6th Cir. 2003). Any doubts regarding arbitrability must be resolved in favor of arbitration. *Fazio v. Lehman Bros., Inc.*, 340 F.3d 386, 392 (6th Cir. 2003). Where a litigant establishes the existence of a valid agreement to arbitrate the dispute at issue, the court must grant the litigant's motion to compel arbitration and stay or dismiss proceedings until the completion of arbitration. *Glazer v. Lehman Bros., Inc.*, 394 F.3d 444, 451 (6th Cir. 2005) (citing 9 U.S.C. §§ 3–4). The party opposing arbitration has the burden to prove that there is a "genuine issue of material fact as to the validity of the agreement to arbitrate." *Brubaker v. Barrett*, 801 F. Supp. 2d 743, 750 (E.D. Tenn. 2011) (quoting *Great Earth Cos., Inc. v. Simons*, 288 F.3d 878, 889 (6th Cir. 2002)).

## III. ANALYSIS

### A. Motion to Strike and Motion to Stay

The FAA "allows for the interlocutory appeal of a district court's decision to deny a party's motion to compel arbitration." *Shy v. Navistar Int'l Corp.*, No. 3:92-CV-333, 2014 WL 1818907, at *2 (S.D. Ohio May 7, 2014) (citation omitted); *see* 9 U.S.C. § 16(a)(1). Accordingly, if the court denies SmileDirect's pending motion, that denial will be appealable. In an attempt to avoid that appeal, the plaintiffs ask the court to strike the motion rather than ruling on it. The plaintiffs argue

4

that such a step, which has no basis in the Federal Rules of Civil Procedure, would be appropriate, because the court's earlier ruling allowing Johnson to intervene in the case should be construed as the first and only appealable order refusing to compel arbitration.

The plaintiffs are mistaken. As the court wrote at the time, "[a]lthough the parties ha[d] largely argued the potential plaintiffs' motion [to intervene] as if it were a defendant-filed motion to compel arbitration, no such motion [was] actually pending." (Docket No. 95 at 15.) The FAA grants the right to appeal "an order . . . refusing a stay of any action under section 3 of this title, [or] denying a petition under section 4 of this title to order arbitration to proceed." 9 U.S.C. § 16(a)(1)(C). The right to appeal, in other words, arises out of a court's order on a motion or petition seeking to force arbitration. It is immaterial that some earlier order may have resolved legal questions relevant to an eventual motion to compel; the appeal is from the court's action, not its reasoning, and no action was taken with regard to arbitration of Johnson's claims until now.

The plaintiffs' motion is therefore without merit and will be denied. Its motion to stay, which was premised on that motion, will be denied as moot. The court reiterates its earlier statement in this case that motions to strike, "more often than not, are simply 'time wasters' . . . that, if anything, stand in the way of addressing the underlying allegations on the merits." (Docket No. 95 at 31–32 (quoting *Neal v. City of Detroit*, No. 17-13170, 2018 WL 1399252, at *1 (E.D. Mich. Mar. 19, 2018). *Accord Wright & Miller*, 5C Fed. Prac. & Proc. § 1382 (3d ed.).) The parties are encouraged to use such motions sparingly in the future.

### B. Motion to Compel Arbitration

Although a motion to strike was not the appropriate mechanism for making the point, the plaintiffs are correct that most of the legal issues underlying SmileDirect's motion have already been resolved. The court will, therefore, provide only a summary of its earlier analysis and

5

otherwise refer to the reasoning of its earlier Memorandum. SmileDirect drafted an arbitration provision and chose to include, in that provision, a clause requiring that any arbitration be performed according to the rules of the AAA. Those rules themselves provide that an agreement requiring arbitration pursuant to AAA *rules* should also be construed to require that the AAA *administer* the arbitration. Johnson agreed to the arbitration provision. After a brief stint attempting to bypass arbitration in this court, Johnson voluntarily dismissed his claims and petitioned the AAA to arbitrate the dispute. The AAA, consistently with its rules, performed a due process review, which resulted in the AAA's rejecting the dispute because the parties did not agree to arbitration after the dispute arose. According to the AAA's rules, if it rejects arbitration of a dispute based on the due process review, any party may "submit [his] dispute to the appropriate court for resolution." (Docket No. 89-1 at 11.) Johnson and SmileDirect agreed to abide by the AAA's rules and, pursuant to the unambiguous language of those rules, Johnson now has a right to pursue his claim in court. (Docket No. 95 at 10–14.)

"District courts have authority both under common law and Rule 54(b) to reconsider interlocutory orders and to reopen any part of a case before entry of final judgment." *Rodriguez v. Tenn. Laborers Health & Welfare Fund*, 89 F. App'x 949, 959 (6th Cir. 2004) (citing *Mallory v. Eyrich*, 922 F.2d 1273, 1282 (6th Cir. 1991)); *see also In re Life Investors Ins. Co. of Am.*, 589 F.3d 319, 326 n.6 (6th Cir. 2009) ("[A] district court may always reconsider and revise its interlocutory orders while it retains jurisdiction over the case.") (citing *Rodriguez*, 89 F. App'x at 959; *Mallory*, 922 F.2d at 1282). The only way for litigation to move forward expeditiously, however, is for the court to use that authority sparingly. Typically, then, "[t]he law-of-the-case doctrine precludes reconsideration of a previously-decided issue at a subsequent stage in the litigation 'unless one of three exceptional circumstances exists: [1] the evidence in a subsequent

6

trial was substantially different; [2] controlling authority has since made a contrary decision of law applicable to such issues; or [3] the decision was clearly erroneous, and would work a substantial injustice.'"[1] *J.L. Spoons, Inc. v. Ohio Dep't of Pub. Safety*, 509 F. App'x 464, 469 (6th Cir. 2012) (quoting *Poundstone v. Patriot Coal Co.*, 485 F.3d 891, 895 (6th Cir. 2007)).

Although SmileDirect has buttressed and refined its arguments regarding the AAA rules, it has not identified any grounds for concluding that the court's prior conclusions were clearly erroneous. To the contrary—the complicated question of how to interpret the arbitration provision in light of the AAA's rules and policies seems to be precisely the type of debatable issue that the court should not waste the parties' time vacillating about. That is especially true, given that an order denying SmileDirect's motion will be immediately appealable. The court, therefore, will not reconsider its prior analysis.[2]

The plaintiffs, however, go a step too far in suggesting that the law-of-the-case doctrine is wholly determinative of SmileDirect's motion. It is true that many of SmileDirect's arguments seek merely to relitigate questions addressed or foreclosed by the court's earlier analysis; the court, however, has yet to address the aspects of SmileDirect's argument that are specific to the consideration of a motion to compel arbitration. Specifically, SmileDirect reminds the court that, while the AAA's Healthcare Policy Statement states that the AAA "will no longer accept the

---

[1] SmileDirect disputes whether the law-of-the-case doctrine applies in a case, such as this one, where there has been no intervening appeal between the court's prior holding and now. Whether or not one formally calls the principle at issue here the "law-of-the-case doctrine," however, is immaterial, because the same premise—that the court will not revisit its prior holdings in a case without a sufficiently good cause—would apply regardless, just as it does, for example, when the court receives a motion to reconsider. *See Rodriguez*, 89 F. App'x at 959 (discussing motions to reconsider). The court therefore notes that it is not relying on any heightened standard imposed by the law-of-the-case doctrine in deciding not to reconsider its prior conclusions.

[2] The court does not mean to suggest, however, that SmileDirect should be barred from making all the arguments available to it on appeal. All of the reasoning that undergirds this Order—including reasoning articulated in a prior Memorandum but foundational to the court's ruling—would be validly subject to dispute on appeal.

administration of cases involving individual patients without a post-dispute agreement to arbitrate," it also "provides that 'the AAA will administer disputes between patients and healthcare providers to the extent a court order directs such a dispute to arbitration where the parties' agreement provided for the AAA's rules or administration.'" *Life Care Centers of Am., Inc. v. Estate of Blair ex rel. Rhoden*, No. CV 17-0249 KBM/KK, 2017 WL 3432209, at *15 (D.N.M. Aug. 9, 2017). (*See* Docket No. 88-1 at 1.) SmileDirect argues, therefore, that claims such as Johnson's are not actually non-arbitrable by the AAA; all he would need, SmileDirect suggests, is an order, which the court can now give him.

There is, however, an obstacle to the court's compelling Johnson into arbitration beyond just the AAA's healthcare policies: the fact that Johnson has already been through the AAA process once, and that process is over. The provisions of the FAA that would require the court to refer his claims no longer apply. The court's duty to stay its proceedings pending arbitration arises only when an issue is "referable to arbitration under an agreement in writing for such arbitration." 9 U.S.C. § 3. But Johnson has already fulfilled his duty under the parties' written agreement to submit the dispute to arbitration. That very process, guided by the rules expressly adopted by the parties, resulted in Johnson's being told he was free to sue, and now there is no remaining reason to stay proceedings. Similarly, the court's power, under the FAA, to order a person to arbitrate is conditioned on his "alleged failure, neglect, or refusal" to do so. 9 U.S.C. § 4. No such failure is alleged to have occurred here; SmileDirect is merely unhappy with the outcome of the AAA's consideration of the dispute.

SmileDirect responds that the court should not treat the limited proceedings administered by the AAA as satisfying the requirements of the arbitration clause and that the court should effectively treat those proceedings as if they never happened. The AAA rules, however,

conclusively dictate how the parties and the court should construe a decision to reject a dispute pursuant to the AAA's due process review. R-1(d) of the AAA's Consumer Arbitration Rules provides:

> The AAA administers consumer disputes that meet the due process standards contained in the Consumer Due Process Protocol and the Consumer Arbitration Rules. The AAA will accept cases after the AAA reviews the parties' arbitration agreement and if the AAA determines the agreement substantially and materially complies with the due process standards of these Rules and the Consumer Due Process Protocol. *Should the AAA decline to administer an arbitration, either party may choose to submit its dispute to the appropriate court for resolution.*

(Docket No. 89-1 at 11 (emphasis added).) This language is also why, when it comes to Johnson, SmileDirect's protestations that the Healthcare Policy Statement is not part of the AAA's "rules" are unavailing. Even if that is true, the court's holding with regard to Johnson is not based on the AAA's healthcare policy, but the AAA's determination *based on* that policy, and the weight given to that determination is, in fact, unambiguously dictated by the Consumer Arbitration Rules themselves.

Because Johnson has exhausted the arbitration process to which the parties agreed, the court will not compel him to start over. The court is aware that the proceedings before the AAA were not what SmileDirect expected. SmileDirect, however, was the author of the arbitration provision and chose to incorporate the AAA rules. When it did so, it unavoidably surrendered some of the parties' control over the process to the AAA. This outcome is the result of that decision. To hold otherwise would be to treat the parties' agreement as meaning less than it actually says, which would, if anything, be contrary to the FAA's policy of honoring the commitments of contracting parties.[3]

---

[3] Whether the court would rule otherwise with regard to a plaintiff without Johnson's unique procedural history is not before the court, and no party should construe this Order as suggesting that the court would resolve such a situation in one way or another.

## IV. CONCLUSION

For the foregoing reasons, SmileDirect's Motion to Compel Arbitration of Dana Johnson's Claims (Docket No. 97) and the plaintiffs' Motion to Strike (Docket No. 100) are hereby **DENIED**. The plaintiffs' Motion to Stay is hereby **DENIED** as moot. (Docket No. 101).

It is so **ORDERED**.

_____
ALETA A. TRAUGER
United States District Judge