IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| DR. JOSEPH CICCIO, *et al.*, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | Civil No. 3:19-cv-00845 |
| v. ) | |
| ) | Judge Trauger |
| SMILEDIRECTCLUB, LLC, *et al.*, ) | |
| ) | |
| Defendants. ) | |

**PLAINTIFFS' RESPONSE TO MOTION TO STAY
PROCEEDINGS PENDING APPEAL**

Plaintiffs respond to Defendant SmileDirectClub, LLC's ("SmileDirect") Motion to Stay Proceedings Pending Appeal (Doc. 123) and Memorandum in Support (Doc. 124), as follows:

**INTRODUCTION**

With this Motion, SmileDirect follows a familiar pattern in its approach to litigation by, once again, asking this Court to revisit issues that this Court has already addressed. SmileDirect has done so without complying with the meet-and-confer obligations set forth in this Court's Local Rules. Furthermore, SmileDirect has done so to delay damaging discovery, despite its frequent assertions that its business model is both legal and helpful to consumers.[1]

If SmileDirect had engaged in the required meet-and-confer process, it would have been reminded that the Court has already stayed discovery with respect to Johnson's claims. It would also have learned that the Plaintiffs do not oppose a stay with respect to Johnson's claims while

---

[1] SmileDirect also recently sued NBC for reporting on its business practices. NBC responded by filing a motion to dismiss under Tennessee's anti-SLAPP statute. A copy of NBC's filing is attached hereto as **Exhibits A** (Motion to Strike Complaint) and **B** (Memorandum in Support). SmileDirect's willful behavior in the face of demonstrable facts relating to its misrepresentations as reported by NBC and others is central to this case and the remedies sought by the Provider Class.

the order denying SmileDirect's motion to compel arbitration is on appeal. Accordingly, SmileDirect would have received the relief which it seeks without further intervention of this Court.

While SmileDirect half-heartedly suggests that this Court could go beyond a stay of Johnson's claims to a stay of the entire litigation, that suggestion is, of course, a non-starter. SmileDirect's appeal is limited to its motion to compel arbitration of Johnson's claims. The Provider Plaintiffs are not parties to an arbitration agreement with SmileDirect, and SmileDirect has not sought to compel them to arbitration. The Sixth Circuit thus does not have jurisdiction over the Provider Plaintiffs' claims at this point, and this Court retains jurisdiction over their claims and the discovery process, as contemplated and agreed to by the parties in the Initial Case Management Order.

SmileDirect's Motion is both unnecessary and, in part, baseless. The Plaintiffs respectfully request that this Court deny the Motion in its entirety.

## ARGUMENT

### I. This Court has already decided the questions raised by the Motion.

The questions raised by SmileDirect's Motion—whether Johnson's claims should be stayed while the arbitration issue is litigated, and whether discovery will proceed on the Provider Plaintiffs' claims—were discussed and decided by this Court at the initial case management conference and in the resulting Initial Case Management Order.

At the conference, the Court stated that Johnson's claims would be stayed, including pending any appeal, while the Provider Plaintiffs' claims would proceed to discovery, both as to the merits and as to class issues. The Court's decision was memorialized in the Initial Case Management Order. *See* Doc. 116 at 5 ("Discovery regarding Consumer Plaintiffs' claims and

2

Defendants' defenses thereto remains stayed pending resolution of Defendants' motion to compel arbitration of Plaintiff Johnson's claims and Plaintiffs' motion to strike Defendants' motion."); 4-5 (establishing fact discovery cutoff of July 14, 2021 "regarding Provider Plaintiffs' claims and Defendants' defenses thereto"). Neither party objected to this order.

In light of the Court's prior decision that Johnson's claims are stayed while the arbitration issue is litigated, SmileDirect's request for such a stay in its Motion is puzzling. Indeed, SmileDirect did not follow this Court's Local Rule 7.01(a)(1), and meet and confer with Plaintiffs regarding its Motion before filing it as required by that rule. Had it done so, Plaintiffs would have informed SmileDirect that they do not oppose the stay of Johnson's claims while its appeal of the July 13, 2020 Memorandum and Order (Doc. 117) is pending. As a result, SmileDirect's request for a stay of Johnson's claims pending appeal may be denied as moot.[2]

## II. This Court should not stay the Provider Plaintiffs' claims.

Because the stay pending appeal as to Johnson's claims is settled, it appears SmileDirect's real reason for filing the Motion was to cast doubt on this Court's ability to oversee the litigation of the *Provider Plaintiffs' claims* while SmileDirect's appeal relating to *Johnson's claims* is pending. There is no room for doubt.

As SmileDirect recognizes in its Motion, the principle underlying the divestiture rule is that only one court should exercise jurisdiction over a particular issue or aspect of the case at a time. *Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58-61 (1982) (per curiam). Not surprisingly, then, the Sixth Circuit follows the Supreme Court and holds that the notice of

---

[2] Because Plaintiffs agree that Johnson's claims may be stayed pending SmileDirect's appeal of the July 13, 2020 Memorandum and Order, this Court need not reach the issue of "whether an appeal from the denial of a motion to compel arbitration divests the district court of jurisdiction to proceed on the merits of the claim," which the Sixth Circuit has yet to address. *Tillman v. Macy's, Inc.*, 735 F.3d 453, 462 (6th Cir. 2013). For the same reason, it is unnecessary for the Court to consider discretionary stay factors.

3

appeal divests the district court of jurisdiction only over the matters on appeal, not the entire case. *See Williamson v. Recovery Ltd. Partnership*, 731 F.3d 608, 626 (6th Cir. 2013) ("The filing of a notice of appeal is an event of jurisdictional significance—it confers jurisdiction on the court of appeals and divests the district court of its control <u>over those aspects of the case involved in the appeal</u>.") (quoting *Griggs*, 459 U.S. at 58) (emphasis added). Indeed, "an appeal from an interlocutory order does not divest the trial court of jurisdiction to continue deciding <u>other issues involved in the case</u>." *Id.* (quoting *Weaver v. Univ. of Cincinnati*, 970 F.2d 1523, 1528–29 (6th Cir.1992)) (emphasis added); *see also N.L.R.B. v. Cincinnati Bronze, Inc.*, 829 F.2d 585, 588 (6th Cir. 1987) ("As a general rule, an effective notice of appeal divests the district court of jurisdiction <u>over the matter forming the basis for the appeal</u>.") (emphasis added).

SmileDirect's Motion is thus due to be denied to the extent it seeks a stay of the Provider Plaintiffs' claims. The notice of appeal pertained to an order relating to Johnson's claims as a consumer. The order did not address the Provider Plaintiffs' claims, and, as a result, the notice of appeal could not have divested this Court of jurisdiction over the Provider Plaintiffs' claims.

*Williamson* illustrates the point. In that case, the Sixth Circuit held that the district court retained jurisdiction to rule on the plaintiffs' motion for a preliminary injunction even though the court of appeals was simultaneously exercising jurisdiction over an order granting summary judgment in the plaintiffs' favor. *Williamson*, 731 F.3d at 626-27. The Sixth Circuit explained that, assuming *arguendo* that the appeal of the summary-judgment order "may negate the plaintiffs' entitlement to a remedy by disproving their cause of action," the district court was not deprived of jurisdiction over the preliminary-injunction request because "the plaintiffs' efforts [through that request] to ensure that a remedy may still be had if they prevail on appeal does not affect the merits of the defendants' appellate argument against the cause of action." *Id.* at 627.

4

Of course, here, there is even less of a relationship between the order on appeal (the July 13, 2020 Memorandum and Order) and the proceedings in the district court (the Provider Plaintiffs' claims) than there was in *Williamson* between the summary-judgment order and the preliminary-injunction motion. Unlike the preliminary injunction in *Williamson*, which would be mooted if the court of appeals determined there were no underlying claims to support it, <u>the Provider Plaintiffs' claims in this case will proceed regardless of the outcome of the appeal of the order addressing Johnson's claims</u>. If the district court in *Williamson* could exercise jurisdiction over a motion for a preliminary injunction based on claims that might be dismissed on appeal, this Court certainly may exercise jurisdiction over the Provider Plaintiffs' claims, which will proceed in this Court regardless of the outcome of the appeal.[3] Indeed, the Provider Plaintiffs' pursuit of claims against SmileDirect in this Court "does not affect the merits of" SmileDirect's argument on appeal that the AAA's decision relating to Johnson's claims should be overturned. *Williamson*, 731 F.3d at 627.

---

[3] This Court's decision in *Cambio Health Sols., LLC v. Reardon*, 228 F. Supp. 2d 883 (M.D. Tenn. 2002), does not undermine the principle that the district court is divested of jurisdiction only over those aspects of the case involved in the appeal. There, the Court concluded it lacked jurisdiction to proceed in a dispute between an executive and several corporate entities in light of an appeal those entities had taken against an order denying a motion to compel arbitration. The Court observed that the Sixth Circuit had not addressed whether district courts are divested of jurisdiction in that circumstance (when the appeal is from an order denying a motion to compel arbitration), but nevertheless concluded it lacked jurisdiction based on the general rule that the filing of a notice of appeal "divests the district court of jurisdiction to act in a case, except on remedial matters unrelated to the merits of the appeal." *Cambio*, 228 F. Supp. 2d at 885 (quoting *Fort Gratiot Sanitary Landfill, Inc. v. Michigan Dept. of Natural Resources*, 71 F.3d 1197, 1203 (6th Cir. 1995) (citing *Keohane v. Swarco, Inc.*, 320 F.2d 429, 432 (6th Cir. 1963))). *Fort Gratiot* and *Keohane*, in turn, straightforwardly applied that rule, holding that a district court lacks jurisdiction to rule on a motion for summary judgment or a motion to amend the complaint or the order while an appeal of an order dismissing the complaint is pending. Contrary to SmileDirect's suggestion otherwise, there was no indication by this Court in *Cambio* that any of the claims were not the subject of the order on appeal in that case. In this case, of course, the only claims that are the subject of the July 13, 2020 Memorandum and Order are Johnson's claims, not the Provider Plaintiffs' claims.

5

Accordingly, this Court has jurisdiction over the Provider Plaintiffs' claims. In the interests of justice, and consistent with its directive to the parties to prepare the Provider Plaintiffs' claims for class certification and trial, the Court should exercise its jurisdiction over the Provider Plaintiffs' claims and see that they proceed timely and efficiently as discussed and decided at the initial case management conference and in the Initial Case Management Order. As this Court recognized at the conference, this case has suffered enough delay, and now is the time to prepare the Provider Plaintiffs' claims for class certification and trial. Indeed, Provider Plaintiffs anticipate that the assistance of this Court will be needed soon to facilitate discovery so that the deadlines the Court has established can be met. For example, though the case has been pending since September 2019, and Provider Plaintiffs served formal discovery requests on July 6, 2020, and initial disclosures were exchanged on July 20, Defendants have yet to produce any documents and do not plan to begin doing so until September 30.

### III. SmileDirect's request is motivated by a desire to avoid discovery.

Defendants' delay tactics have prejudiced Provider Plaintiffs' ability to prepare their case and threaten to continue to do so. SmileDirect's present Motion itself is a delay tactic and an unfortunate example of sandbagging. A few days before the Motion was filed, the parties met and conferred at length regarding Defendants' ESI disclosures and the Provider Plaintiffs' discovery requests. Despite this Court's Local Rule 7.01(a)(1) requiring the movant to meet and confer with the other side before filing, Defendants made no mention of their intention to file a motion to stay. To the contrary, Defendants led Provider Plaintiffs to believe that discovery responses would be forthcoming—and even asked for an extension of their response deadline on that basis.

6

Case 3:19-cv-00845    Document 127    Filed 08/17/20    Page 6 of 9 PageID #: 2885

By issuing its thorough Memorandum denying Defendants' motions to dismiss and to strike class allegations (Doc. 95), this Court has determined that the Provider Plaintiffs' claims are proceeding to discovery and class certification—and that is true regardless of the outcome of SmileDirect's appeal of the July 13, 2020 Memorandum and Order. Based on Provider Plaintiffs' limited investigation to date, the evidence will strongly substantiate their claims,[4] and it is absolutely critical that the remaining available evidence be captured now, before it is lost and memories fade.

## CONCLUSION

The Plaintiffs respectfully request that this Court: (a) reaffirm its Initial Case Management Order, (b) deny SmileDirect's Motion as to Johnson's claims as moot, and (c) deny the Motion as to the Provider Plaintiffs' claims.

---

[4] For example, as a result of proceedings before the Better Business Bureau's National Advertising Division, <u>after this case was filed</u>, in which the American Association of Orthodontists also alleged that SmileDirect was misrepresenting its products and services, SmileDirect agreed to remove from its website the misrepresentation challenged in the Amended Complaint (Doc. 36 at 28-30) that it offers "the same level of care" as that offered by traditional dentists or orthodontists. Stated differently, based on the BBB's investigation and ruling, SmileDirect's "same level of care" representation was found to be misleading. *See* **Exhibit C** (BBB NAD Case Report #6382) at 4 & n.7, 6-7; *see also* **Exhibit B** (Memorandum in Support of Motion to Strike Complaint in *SmileDirectClub, Inc. v. NBCUniversal Media, LLC*, No. 20-C-1054 (Davidson County, Tenn., Cir. Ct.)) at 19, Smile Direct Revamps Its Service After NBCUniversal's Reports And Other Public Criticisms.

7

DATED: August 17, 2020         Respectfully submitted,

s/ Edward M. Yarbrough
Edward M. Yarbrough, TNBPR#004097
W. Justin Adams, TNBPR#022433
BONE MCALLESTER NORTON PLLC
511 Union Street, Suite 1600
Nashville, Tennessee 37219
TEL: (615) 238-6390
FAX: (615) 687-6990
eyarbrough@bonelaw.com
wjadams@bonelaw.com

Robert K. Spotswood, Alabama Bar # ASB-7015-P76R
Michael T. Sansbury, Alabama Bar # ASB-6473-A53S
Joshua K. Payne, Alabama Bar # ASB-1041-A55P
Morgan B. Franz, Alabama Bar # ASB-0488-S13E
SPOTSWOOD SANSOM & SANSBURY LLC
Financial Center
505 20th Street North
Suite 700
Birmingham, Alabama 35203
TEL: (205) 986-3620
FAX: (205) 986-3639
rks@spotswoodllc.com
msansbury@spotswoodllc.com
jpayne@spotswoodllc.com
mfranz@spotswoodllc.com

Richard Stone, U.S. Dist. Ct. S.D.N.Y. Bar # RS5324
BLACKNER, STONE & ASSOCS.
123 Australian Avenue
Palm Beach, Florida 33480
TEL: 561-804-9569
rstoneesq@aol.com

*Attorneys for the Plaintiffs*

## CERTIFICATE OF SERVICE

I certify that on August 17, 2020, I filed the foregoing with the Court's CM/ECF system which will provide notice to counsel for the Defendants, as follows:

John R. Jacobson
Elizabeth O. Gonser
Riley Warnock & Jacobson, PLC
1906 West End Avenue
Nashville, TN 37203
jjacobson@rwjplc.com
egonser@rwjplc.com

Nicholas J. Secco
Lally A. Gartel
Benesch, Friedlander, Coplan and Aronoff, LLP
71 South Wacker Drive, Suite 1600
Chicago, IL 60606
nsecco@beneschlaw.com
lgartel@beneschlaw.com

Michael D. Meuti
Mark K. Norris
Benesch, Friedlander, Coplan and Aronoff, LLP
200 Public Square, Suite 2300
Cleveland, OH 44114
mmeuti@beneschlaw.com
mnorris@beneschlaw.com

s/ Edward M. Yarbrough