IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

DR. JOSEPH CICCIO, et al )
)
v. ) NO. 3:19-0845
) Trauger/Holmes
SMILEDIRECTCLUB, LLC, et al )

**O R D E R**

Pending before the Court are multiple discovery disputes. (Docket Nos. 133, 136, 138, 139, and 140.) The first filed discovery dispute was referred to the undersigned for disposition. *See* Order at Docket No. 134. After consultation with Judge Trauger, the additional discovery disputes will be resolved by the undersigned as well. *See* Order at Docket No. 141. A discovery conference was held on October 19, 2020. Counsel participating were: Ed Yarbrough, Justin Adams, Robert Spotswood, Morgan Franz, Michael Sansbury, Joshua Payne, and Richard Stone for Provider Plaintiffs and John Jacobson, Alex Fardon, Elizabeth Gonser, Lally Gartel, and Michael Meuti for Defendants.

The Court has reviewed the joint discovery dispute statements with accompanying exhibits and cited authority, as well as the entire record in this case, from all of which the Court finds that the discovery disputes can be resolved without the need of further motions. In that regard, the Court notes that the parties' joint discovery disputes are lengthy and detailed, with supporting facts and legal authority. Any additional filings would be largely duplicative and of limited additional assistance to the Court.

Before setting out its ruling, the Court pauses to note that, for whatever reason, there appears to be a lack of communication in this case, which manifests as a lack of cooperation in discovery and which, if not checked now, the Court fears will only get worse. Of course, the Court appreciates that litigation is a game of contest, which can provoke the adoption of positions and

strategies that are intended to best the opposing party. This acknowledgment notwithstanding, the Court expects that parties and their counsel will adhere to the good sportsmanship and cooperation that are hallmarks of federal litigation practice in this district. With a few more questions and a little more candor and cooperation, the Court believes the parties could have resolved these issues on their own or at least come closer to doing so. They would be well served to make that extra effort in this case in the future.

In making the rulings below, the Court is guided by Rule 26, which provides that "[p]arties may obtain discovery regarding nonprivileged matters that is relevant to any party's claim or defense and proportional to the needs of the case …" Fed. R. Civ. P. 26(b)(1). A trial court has broad discretion to determine the proper scope of discovery. *In re Ohio Execution Protocol Litigation*, 845 F.3d 231, 236 (6th Cir. 2016). Although a party should not be denied access to information necessary to prove their contentions, neither should they be "permitted to go fishing and a trial court retains discretion to determine that a discovery request is too broad and oppressive." *Id*. (internal citation omitted). "A court must balance the "right to discovery with the need to prevent fishing expeditions." *Id*. at 236-37 (internal quotation marks and citation omitted).

Based on the parties' filings and argument during the October 19 discovery conference, and the entire record, and for the reasons stated on the record in open court, the following is ORDERED:

1. In resolution of the discovery dispute described in the joint discovery dispute statement filed on August 31, 2020 (Docket No. 133), by no later than **November 2, 2020**, Defendants must produce all studies and other factual materials presented as exhibits to submissions or declarations in the three NAD and NARB proceedings to which SmileDirect was a party, subject to further orders. Defendants are not required, at this time, to produce advocacy

submissions or expert declarations, again, subject to further order upon an appropriate showing of discoverability. In making this determination, the Court finds this production strikes the appropriate balance between the broad scope of discovery in federal litigation and promoting the valid purpose served by participation in the voluntary self-regulation programs established by the BBB National Programs.

2. In resolution of the discovery dispute detailed in the discovery dispute statements filed on September 18, 2020 (Docket No. 136) and September 23, 2020 (Docket No. 138) regarding initial disclosures under Fed. R. Civ. P. 26(a)(1), both parties must produce copies of all responsive documents on a rolling basis, beginning immediately and concluding by no later than **November 20, 2020**.[1] For clarity, if documents described in the parties' initial disclosures have not yet been created, because, for example, they will be prepared by experts for trial or other reasons, those are not documents that must be produced at this time, but are producible as requested in written discovery or as required by Fed. R. Civ. P. 26(e)(1).

3. In resolution of the discovery dispute detailed in the joint discovery dispute statement filed on September 28, 2020 (Docket No. 139), Defendants must, by no later than **October 26, 2020**, produce: (i) complete organizational charts for SmileDirect with job titles and names of employees with manager level or higher positions and (ii) lists of CVG job titles and names of employees with manager level or higher positions.

4. In resolution of the discovery dispute described in the joint discovery dispute statement filed on October 7, 2020 (Docket No. 140), the time period applicable to all discovery in this case is four (4) years prior to the date of commencement of this case, subject to further

---

[1] During the October 19 discovery conference, the Court qualified this requirement to allow for later production if responsive documents were later specifically identified in written discovery requests. Upon further reflection, the Court finds it more appropriate that all documents responsive to the initial disclosures required by Fed. R. Civ. P. 26(a)(1) be produced by November 20, 2020, without regard to whether they were also requested in written discovery.

order. The Court finds this to be an appropriate temporal scope based on the look-back periods that most directly apply to Provider Plaintiffs' claims. *See* Docket No. 140 at n.1.[2] Regarding post-complaint discovery, the Court finds there is a basis in this case to permit this extended temporal scope, but only for narrowly focused, pointed requests directed toward alleged specific ongoing conduct by Defendants. The Court does not intend to permit post-complaint discovery of the kind that broadly requests "all documents" or "every act." Counsel for the parties are therefore directed to attempt to construct an agreed-upon scope of post-complaint discovery. If unable to do so, the parties may, by no later than **November 2, 2020**, file a supplemental joint discovery dispute statement of no more than 3 pages **per side** that includes, respectively, Provider Plaintiffs' proposed scope and Defendants' proposed scope with supporting facts and legal authority, from which the Court will make a determination as to the scope of post-complaint discovery.

5. In various filings, one or both parties also indirectly request attorneys' fees in connection with these discovery disputes. However, the Court declines to award attorney's fees or other expenses to either party, as the Court finds that doing so would be unjust under all the circumstances of the instant dispute, including that the Court finds there is plenty of room for cooperation by both sides.

It is SO ORDERED.

_____
BARBARA D. HOLMES
United States Magistrate Judge

---

[2] Although Plaintiffs suggest that a longer period of six years is warranted, the Court finds that time period to be disproportionate to the needs of the case based on the nature and extent of claims presently at issue.