IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| DR. JOSEPH CICCIO, et al ) | |
| ) | |
| v. ) | NO. 3:19-0845 |
| ) | Trauger/Holmes |
| SMILEDIRECTCLUB, LLC, et al ) | |

**O R D E R**

By order entered on March 22, 2021, Judge Trauger referred all pending discovery disputes and related motions to seal and any future discovery disputes for resolution by the undersigned. (Docket No. 158.) A discovery conference was held on April 5, 2021, to address the issues raised in the joint discovery dispute statements filed on February 11, 2021 (Docket No. 150) and February 26, 2021 (Docket No. 155).[1] Counsel participating were: Ed Yarbrough, Justin Adams, Joshua Payne, Morgan Franz, Richard Stone, and Michael Sansbury for Plaintiffs and Michael Meuti, Andrew Fiorella, Mark Norris, Alex Fardon, and John Jacobson for Defendants.

The Court has reviewed the joint discovery dispute statements with accompanying exhibits and finds that no further motions are necessary. Additionally, as discussed during the discovery conference, and based on the nature and volume of discovery disputes (including anticipated disputes for which judicial intervention has not yet been sought), counsel for the parties agree that appointment of a discovery special master under Fed. R. Civ. P. 53 is appropriate. The Court therefore intends to appoint a special master to address all unresolved pending and future discovery disputes, as further provided for below.

---

[1] As provided for below, the related motions to seal will be ruled on by separate order.

From discussion during the discovery conference, the following is ORDERED:

1. A party may not seek resolution of a discovery dispute by the Magistrate Judge (or the Special Master if appointed) before lead counsel for the adverse parties have held a telephonic or in-person discussion and have made a good-faith effort to resolve the dispute. Discovery disputes that cannot be resolved after the required discussion should be brought promptly to the attention of the Magistrate Judge (or the Special Master if appointed) via the filing of a joint discovery dispute statement and a request for a discovery conference. It will be within the discretion of the Magistrate Judge (or the Special Master if appointed) whether to allow filing of discovery-related motions, after counsel have scheduled and participated in a discovery conference. In connection with any discovery conference (and unless otherwise directed by the Special Master if appointed), the affected parties must file a joint discovery dispute statement, of no more than 3 pages per affected party per issue, which identifies and describes the specific discovery request(s) in dispute and details each party's position with supporting facts and legal authorities, including as to any proportionality considerations. The joint discovery dispute statement shall certify that lead counsel held the required telephonic or in-person discussion(s) and made a good faith effort to resolve each discovery dispute presented in the statement. No discovery conference will be held until a compliant joint statement is filed.[2]

2. Based on the parties' agreement to the appointment of a discovery Special Master, they shall promptly exchange proposals of three candidates for appointment. If the parties agree upon the appointment, they shall notify the Court by a joint filing by no later than **April 14, 2021**. If the parties are unable to agree on the appointment, they shall, by no later than **April 14, 2021**,

---

[2] If appointed, the Special Master may modify these discovery dispute resolution procedures.

file a joint suggestion of candidates for appointment, which lists the six (6) names exchanged by the parties but without any attribution of which side proposed which candidates. The Court will thereafter select a name from the suggested candidates and enter a separate order of appointment that generally vests the Special Master with the authority to consider and decide discovery disputes, including the pending disputes described in Docket No. 155, the motion for sanctions (Docket No. 160) as permitted by Rule 53(b)(2), and any future discovery disputes. As additionally agreed to by the parties, and subject to further order under Rule 53(g)(3), the compensation to the Special Master will be shared equally by the parties.

3. Regarding the discovery dispute described in Docket No. 150, the Court finds the appropriate scope of the requested list of SmileDirect participating dentists and orthodontists is limited as a sampling to those located in the states of California, Colorado, Florida, New York, Michigan, Tennessee, Texas, Virginia, Washington, and Wisconsin.[3] Defendants shall provide *in camera* a list of SmileDirect participating dentists and orthodontists in those states, exclusive of any parties in this litigation or individuals to whom defense counsel has provided legal services in litigation or otherwise in the last two (2) years. The list shall be provided by no later than **April 9, 2021** by email to Ms. Jeanne Cox, Courtroom Deputy, at Jeanne_W_Cox@tnmd.uscourts.gov. Upon receipt and review of the list, the Court will enter a further order for provision of SmileDirect participating dentists and orthodontists to Provider Plaintiffs. Upon entry of the Court's follow-up order, the parties shall attempt to schedule depositions by agreement. If unable to agree, Provider Plaintiffs shall provide Defendants with a minimum of three (3) days advance notice of any

---

[3] If, after the sampling discovery that will be directed by further order, Provider Plaintiffs continue to maintain that they are entitled to the entire list of 250 SmileDirect participating dentists and orthodontists, they may seek additional relief upon an appropriate showing, which shall, if contested, be resolved in accordance with the discovery dispute resolution procedures described herein.

subpoenas for third-party depositions of participating dentists or orthodontists. Any further disputes regarding this discovery shall be submitted to the Special Master if appointed.

It is SO ORDERED.

_____
BARBARA D. HOLMES
United States Magistrate Judge