UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| DR. JOSEPH CICCIO et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Case No. 3:19-cv-00845 |
| ) | Judge Aleta A. Trauger |
| ) | |
| SMILEDIRECTCLUB, LLC et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM & ORDER

The active plaintiffs[1] have filed a Motion for Leave to File Second Amended Complaint (Doc. No. 179), to which the defendants have filed a Response (Doc. No. 204), and the plaintiffs have filed a Reply (Doc. No. 219). For the reasons set out herein, the motion will be granted in one limited part and otherwise denied.

The Proposed Second Amended Complaint ("PSAC") seeks to make the following changes:

- Add as defendants:
    - 37 named dentists who worked with SmileDirectClub, LLC ("SmileDirect");
    - 200 additional "John Doe" dentist defendants whose identities the plaintiffs were denied by the magistrate judge in discovery;
    - 2 SmileDirect executives; and
    - 4 additional affiliated business entities;
- Add a claim of civil conspiracy to reflect the roles of the numerous additional defendants;

---

[1] The other plaintiffs' claims have been referred to arbitration.

1

- Add numerous additional allegations that, by the plaintiffs' own admission, "merely put[] more meat on the bones" of allegations that have already been pleaded (Doc. No. 219 at 4).

The current named defendants oppose the amendments, which they say would "balloon"[2] this already expansive litigation, which, in the nearly two years since it was initiated, has already occasioned, among other things, nine formal discovery dispute statements (Doc. Nos. 133, 136, 139, 140, 146, 150, 155, 174, 176), three motions to strike (Doc. Nos. 70, 102, 185), two motions for sanctions (Doc. Nos. 31, 159), and the appointment of a Special Master (Doc. No. 168).

Rule 15(a)(2) of the Federal Rules of Civil Procedure states that leave to amend should be freely given "when justice so requires." In deciding whether to grant a motion to amend, courts consider factors including undue delay in filing, lack of notice to the opposing party, bad faith by the moving party, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party, and futility of amendment. *Brumbalough v. Camelot Care Ctrs., Inc.*, 427 F.3d 996, 1001 (6th Cir. 2005). Of those factors, three—delay, bad faith, and undue prejudice to the opposing party—weigh particularly heavily here.

With regard to delay, the plaintiffs state that they did not file this request until now because they only recently received the identities of (some of) the proposed dentist defendants. The plaintiffs' own actions, however, belie any pretense that such a delay was necessary. There is no doubt that the plaintiffs know that they can sue defendants as John Does, because they seek to do so here. If the plaintiffs had wished to pursue an expansive vision of liability that reached all of the dentists who worked with SmileDirect, they could have indicated as much from the beginning of the litigation by pleading such a theory in either of their prior two versions of the complaint,

---

[2] The defendants attribute this word to plaintiffs' own description of the amendments during a proceeding before Special Master. (Doc. No. 204 at 1.)

using "John Doe" placeholders just as they seek to do now. *See Wiggins v. Kimberly-Clark Corp.*, 641 F. App'x 545, 549 (6th Cir. 2016) (discussing "naming a specific individual in place of a John Doe"). Pleading the theory of broader liability, even in the absence of the dentists' identities, would have at least put all parties on notice as to the plaintiffs' intended scope of the case, before thousands of hours had been spent on the allegations as they were pleaded.

On the issue of bad faith, the defendants point out that the plaintiffs' motion seeking leave to amend was filed not long after Magistrate Judge Holmes denied the plaintiffs' request to force the defendants to "to produce a list of every dentist and orthodontist who was affiliated with SmileDirect for the relevant time period described in the discovery requests, which potentially exceeds more than 250 individuals." (Doc. No. 173.) The fact that this amendment would, among other things, serve as an inappropriate shortcut for undermining Judge Holmes' ruling is significant evidence of bad faith. Moreover, the defendants have persuasively argued that, while adding named dentist defendants would have limited benefit to the plaintiffs with regard to any legitimate litigation objectives, it would be likely to subject those dentists to ostracization from their peers, at best, if not outright harassment. (*See* Doc. No. 204 at 3.) Finally, the plaintiffs' past behavior in this litigation gives this court further reason to doubt their good faith.[3] At every turn, the plaintiffs have treated this case, not like a discrete civil dispute in a federal district court, but, rather, more like a grand referendum on whether SmileDirect should be permitted to function in the dental field. To that end, the plaintiffs' pleading and briefing have already spent far more words on ostentatiously condemning the defendants than on supporting actual legal claims. The fact that the plaintiffs now seek to add even more accusations in excess of what is actually required by federal

---

[3] The court notes that the defendants' actions in this litigation are validly subject to criticism as well. Indeed, this court *has* criticized the defendants. (*See* Doc. No. 95 at 31 (suggesting that defendants' motion to strike may have been a "time waster[]"). In this instance, however, the court is focusing on the plaintiffs, because they are the ones seeking to expand the scope of the case.

3

pleading standards seems to be an unwelcome continuation of their policy of treating pleadings like press releases. Looking beyond the arguments themselves to the parties' behavior, the court notes that this case, since its inception, has been characterized by scorched-earth tactics and intransigence from all parties that leave the court with little faith that these proposed amendments have a meaningful purpose beyond the additional burden and nuisance that they would surely entail.

The prejudice to the defendants from allowing the amendment at this stage should be apparent. The plaintiffs argue that the prejudice would be minimal because the parties are still "early" in discovery. (Doc. No. 180 at 2.) But the main reason that discovery is not further along is that the parties have made every inch of progress in this case extraordinarily arduous to obtain. There is no serious argument that adding over two hundred additional defendants would not produce a huge amount of additional work for the defendants or that much of that work could have been made easier by pleading the expansive scope of liability from the start.

Given that these factors weigh so heavily against allowing the amendment, the court would only grant the pending motion if the other factors strongly supported doing so. They do not. While it is true that the plaintiffs have only amended the complaint once so far, that can hardly justify the damage that an amendment of this type would do now. Similarly, the fact that the plaintiffs gave the defendants notice of this planned amendment does not ameliorate the harm caused by the overall delay involved. Finally, while the court will not do a painstaking analysis of the issue of futility, the court will note that there are, in fact, serious potential problems on the merits associated with the plaintiffs' new allegations. As the defendants point out, the plaintiffs' attempt to rope in these new individual defendants depends on an expansive theory of liability that is, at the very least, questionable. Moreover, the plaintiffs' argument that this court would even have personal

jurisdiction over dozens of non-Tennessee dentists, including the plaintiffs' invocation of a so-called "conspiracy theory of jurisdiction," may be debatable as well. (Doc. No. 182-1 ¶ 83.) *See United States v. Maruyasu Indus. Co.*, 229 F. Supp. 3d 659, 673 (S.D. Ohio 2017) ("[T]he Sixth Circuit has not adopted or declined to adopt the conspiracy theory of jurisdiction . . . ."); *Pilarowski v. Wise*, No. 10-CV-11170, 2011 WL 13224914, at *1 (E.D. Mich. Mar. 31, 2011) (noting that, even assuming such a theory of personal jurisdiction is generally viable, "it is not enough to simply allege the existence of a conspiracy" to establish personal jurisdiction). The need to determine whether personal jurisdiction can actually be established for dozens of individuals would likely lead to additional, time-consuming forays in this already complex litigation.

The one aspect of the plaintiffs' motion that does not significantly trouble the court is the request to add additional defendant business entities. It is commonplace for a plaintiff, during discovery, to learn more about a defendant's corporate structure and request to add additional business-entity defendants to reflect that knowledge. The defendants have not identified any reason why allowing that limited form of amendment would suffer from the same problems that counsel against granting the rest of the request. The court, accordingly, will grant that one, narrow aspect of the plaintiffs' motion.

The common admonition that parties should respect a court's time and resources is not, ultimately, about the court itself; it is about the court's obligation to *all* litigants—not merely ones with a penchant for hard-nosed tactics and a seemingly bottomless litigation budget—to administer justice fairly, promptly, and adequately. The court strongly urges the parties to consider those other litigants as this case proceeds.

The plaintiffs' Motion for Leave to File Second Amended Complaint (Doc. No. 179) is hereby **DENIED** in all respects except with regard to the addition of the proposed additional

business entity defendants. The plaintiffs are **ORDERED** to file, by August 9, 2021, a Second Amended Complaint that is identical to the Amended Complaint (Doc. No. 36) in all respects except for the addition of those four parties and the pleading of facts specific to those parties necessary to satisfy the pleading obligations of the Federal Rules of Civil Procedure. Any attempt to include alterations to the complaint other than those specifically authorized here may give rise to sanctions.

It is so **ORDERED**.

ALETA A. TRAUGER
United States District Judge