UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| DR. JOSEPH CICCIO et al., | ) | |
|---|---|---|
| Plaintiffs, | ) | |
| v. | ) | Case No. 3:19-cv-00845 |
| | ) | Judge Aleta A. Trauger |
| SMILEDIRECTCLUB, LLC et al., | ) | |
| Defendants. | ) | |

**MEMORANDUM & ORDER**

The active plaintiffs have filed a Motion for Clarification Regarding the Court's August 2, 2021 Order. (Doc. No. 244.) Because the motion involves an issue on which the parties have had the full opportunity for briefing, the court does not require a response. On August 2, 2021, the court denied all but one aspect of the plaintiffs' then pending request for leave to amend their complaint.[1] (Doc. No. 238.) The plaintiffs' motion seeks leave to amend the complaint in one additional way that the plaintiffs had requested but discussed only in passing in their briefing and which the court, in error, did not explicitly address in its analysis: by adding the individual plaintiffs' own dental practices as plaintiffs. The court sees no significant risk of prejudice from allowing such an amendment and will grant the requested leave.

---

[1] The plaintiffs, in their briefing in support of the currently pending motion, suggest that the court's reason for denying leave was that most of the proposed new allegations would be redundant. (Doc. No. 244 at 1–2.) The possibility of redundancy was indeed part of the court's reasoning, but the court also explained that the potential prejudice to the defendants and the evidence of bad-faith litigation tactics also weighed heavily against granting the requested leave. (*Id.* at 3–4.) The court notes that its ruling, therefore, should not be construed as establishing that all of the requested amendments actually *were* redundant—which the plaintiffs have suggested in their current briefing that they will argue, in an attempt to proceed as if the amendments that were not permitted should nevertheless be treated as within the scope of the operative complaint. The court has made no such determination.

1

The plaintiffs' Motion for Clarification Regarding the Court's August 2, 2021 Order (Doc. No. 244) is hereby **GRANTED**, and the plaintiffs are **ORDERED** to file, by August 20, 2021, a Corrected Second Amended Complaint that is identical to the Second Amended Complaint (Doc. No. 242) in all respects except for the addition of the plaintiffs' own dental practices as plaintiffs and the pleading of facts specific to those parties necessary to satisfy the pleading obligations of the Federal Rules of Civil Procedure. Any attempt to include alterations to the complaint other than those specifically authorized here may give rise to sanctions.

It is so **ORDERED**.

_____
ALETA A. TRAUGER
United States District Judge