UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| DR. JOSEPH CICCIO et al., | ) |
| Plaintiffs, | ) ) ) |
| v. | ) Case No. 3:19-cv-00845 ) Judge Aleta A. Trauger |
| SMILEDIRECTCLUB, LLC et al., | ) ) ) |
| Defendants. | ) |

## MEMORANDUM & ORDER

The defendants have filed a Motion for Clarification. (Doc. No. 266.) Because the motion involves issues on which the parties have had the full opportunity for briefing, the court does not require a response. For the reasons set out herein, the motion will be granted.

On June 9, 2021, some of the plaintiffs filed a Motion for Leave to File Second Amended Complaint (Doc. No. 179). On August 2, 2021, the court entered a Memorandum and Order denying the motion in most respects in light of the substantial prejudice that the defendants would suffer from the amendment and the plaintiffs' lack of a sufficient basis for having failed to plead the new allegations earlier. (Doc. No. 238 at 5–6.) The court, however, concluded that one, relatively small aspect of the plaintiffs' request could be granted consistently with the interests of justice, and the court ruled that the plaintiffs would be permitted to add a few additional defendants. (*Id.*) The court attempted to effect this ruling by ordering the plaintiffs to file a "a Second Amended Complaint that [was] identical to the Amended Complaint (Doc. No. 36) in all respects except for the addition of" the new defendants. (*Id.* at 6.) After seeking and receiving some additional guidance regarding another minor amendment (*see* Doc. No. 245), the plaintiffs filed a Corrected Second Amended Complaint ("CSAC") (Doc. No. 246) that appears to comply with the court's order and subsequent clarification.

1

As the defendants have pointed out, the court's method of having the plaintiffs comply with its ruling inadvertently failed to account for the fact that, after the filing of the Amended Complaint but prior to the court's ruling, a number of consumer plaintiffs had voluntarily had their claims dismissed without prejudice. Accordingly, a new complaint that was mostly "identical to the Amended Complaint" resulted, in effect, in the reinstatement of 21 plaintiffs. The defendants have explained the parties' discussion of this situation as follows:

> Defendants planned to move to compel arbitration of the claims of all Consumer Plaintiffs except [Dena] Nigohosian and [Dana] Johnson (whose claims had already been so referred). On September 15, 2021, Defendants inquired under L.R. 7.01(a)(1) whether Plaintiffs would oppose the relief sought in that motion. The next day, Plaintiffs' counsel did two things: (1) they responded that moving to compel arbitration was not necessary because of the prior voluntary dismissal of claims pleaded under the FAC; and (2) they initiated arbitration proceedings of Johnson's claims but neglected to serve or otherwise inform Defendants of that action for another 13 days (and then only after a[n] AAA administrator instructed them to do so). During those intervening 13 days, Defendants proposed that the parties enter a stipulation addressing the Consumer Plaintiffs' claims, but Plaintiffs refused and suggested a joint motion for clarification instead. In response to Defendants' proposed additions to the draft joint motion, however, Plaintiffs then stated that they were no longer interested in proceeding jointly . . . .

(Doc. No. 266 at 3–4.) The defendants now "request clarification regarding the application of the Court's prior Orders to the Consumer Plaintiffs (other than Nigohosian and Johnson), and thus the effect of the CSAC with respect to those parties' claims." (*Id.* at 4.)

The court's intent, with its August 2, 2021 Memorandum and Order, was to allow a limited amendment of the pleaded allegations while otherwise preserving the status quo in this litigation. The court did not intend to authorize an amendment that would result in the re-addition of claims on behalf of over 20 plaintiffs who had previously been dismissed, and a review of the court's Memorandum and Order of August 2, 2021 confirms that, insofar as the court's use of the word "identical" authorized or mandated the inclusion of such claims, the court used that language in error. The court holds that, because this situation is the result of the court's error in memorializing its ruling—as opposed to any need to reconsider the substance of the court's reasoning or conclusion—it is appropriate to remedy the court's error with a "*nunc pro tunc* order[], or 'now

for then' order[], to 'reflect the reality' of what has already occurred." *Roman Cath. Archdiocese of San Juan, Puerto Rico v. Acevedo Feliciano*, 140 S. Ct. 696 (2020) (per curiam) (quoting Black's Law Dictionary at 1287; *Missouri v. Jenkins*, 495 U.S. 33, 49 (1990)).

The defendants' Motion for Clarification (Doc. No. 266) is therefore **GRANTED**, and the court hereby **ORDERS** that the August 2, 2021 Memorandum and Order is hereby **AMENDED** *nunc pro tunc* to clarify that the plaintiffs were not required or authorized to file an amended complaint that reinstated claims on behalf of the 21 consumer plaintiffs other than Nigohosian and Johnson. The naming of those parties as plaintiffs and the pleading of claims specific to them are **STRICKEN** from the CSAC. The court will not review the CSAC, paragraph by paragraph, to determine which allegations were solely specific to those plaintiffs and which were potentially relevant to other asserted claims. However, the defendants, in responding to the CSAC, are permitted to rely on the fact that those plaintiffs and their claims are no longer part of this case and that some allegations in the CSAC are therefore irrelevant to the pending claims—just as a defendant would ordinarily do when responding to a complaint from which some claims have been dismissed. At the request of the defendants, the court notes that they state that they "have preserved their rights under the arbitration clause in [the relevant consumer plaintiffs'] agreements," although this court makes no ruling regarding those agreements, their enforceability, their construction, or the effects of the court's rulings on rights thereunder.

It is so **ORDERED**.

       ALETA A. TRAUGER
       United States District Judge


3

Case 3:19-cv-00845   Document 274   Filed 10/26/21   Page 3 of 3 PageID #: 8678
