IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| DR. JOSEPH CICCIO, et al. | ) |
| | ) |
| Plaintiffs, | ) |
| | ) Civil No. 3:19-cv-00845 |
| v. | ) |
| | ) Judge Trauger/Magistrate Judge Holmes |
| SMILEDIRECTCLUB, LLC, et al. | ) |
| | ) |
| Defendants. | ) |

**ORDER GRANTING IN PART AND DENYING IN PART
THE RELIEF SOUGHT BY DEFENDANTS IN FOURTH
JOINT DISCOVERY DISPUTE STATEMENT (DOC. 174)**

On November 8, 2021, the Special Master heard argument on a number of outstanding issues related to the parties' Fourth Joint Discovery Dispute Statement (the "Fourth JDDS"). (Doc. 174). For the reasons cited herein, Defendants' request for relief is GRANTED in part and DENIED in part.

**FACTS**

On May 17, 2021, the parties filed their Fourth JDDS. (Doc. 174) In it, the parties disputed whether Provider Plaintiffs must produce the following categories of documents: 1) records supporting Provider Plaintiffs' alleged economic losses; 2) documents sufficient to describe Provider Plaintiffs' services, including actual billing data; 3) communications received from non-parties that reference SmileDirect, Align Technologies, other aligner manufacturers, or teledentistry; and 4) information from the Provider Plaintiffs' practice-management software. (Doc. 174 at 1) The Special Master invited the parties to submit additional briefing on these issues and the parties did so on June 14, 2021, at Docket Entries 188 (Defendants) and 190 (Provider Plaintiffs).

Following oral argument on July 15, 2021, the Special Master provided the following instructions:

- Counsel for Provider Plaintiffs verbally made a proposal at the hearing to resolve the dispute concerning financial information. By Thursday (7/22), counsel for Provider Plaintiffs shall provide counsel for Defendants with their proposal in writing with as much detail as possible. In it, please identify the specific categories of information that each provider kept in the regular course of their business. E.g. – Dr. Ciccio kept angles, classifications of malocclusion, type of appliance, etc.

- By Thursday (7/22), counsel for Defendants shall provide counsel for Provider Plaintiffs with a list of the specific financial information they are requesting. By Thursday (8/5), counsel for Provider Plaintiffs shall inform counsel for Defendants what information their clients possess, whether it is accessible via their practice management software and any cost associated with accessing it.

- Although not discussed at the hearing, I think it also makes sense to use the same dates to exchange search terms regarding Defendants' requests for information regarding entities other than SmileDirect. To that end, by Thursday (7/22), counsel for Defendants shall provide counsel for Provider Plaintiffs with a list of prosed search terms. By Thursday (8/5), counsel for Prover Plaintiffs shall provide counsel for Defendants with information regarding hit counts generated by the requested terms.

(July 15, 2021 email to counsel for all parties, a copy of which is attached hereto as **Exhibit A**).

On October 12, 2021, Defendants contacted the Special Master requesting a discovery hearing. Defendants informed the Special Master that they were not able to resolve the issues raised in the Fourth JDDS. Defendants requested an order from the Special Master setting a date certain by which Provider Plaintiffs must produce all non-privileged documents responsive to the requests addressed in the Fourth JDDS and barring the subsequent admission or reliance on any

materials not produced by that date. On Monday, November 8, 2022, the Special Master heard argument on the outstanding issues.[1]

## ANALYSIS

On October 13, 2021, the Special Master entered an Amended Scheduling Order setting out, among other things, a March 30, 2022, deadlines for the completion of discovery regarding class certification and staying discovery into aspects of the merits unrelated to class certification. (Doc. 265) It is against this backdrop that the 4th JDDS must be analyzed.

It also bears noting that the Provider Plaintiffs are parties to litigation in Federal Court which they initiated and in which they wish to serve as class representatives and derive all of the potential benefits that come with that. Nevertheless, the Provider Plaintiffs have put forth a number of reasons why they have not been able to produce documents in a timely manner such as personal travel, having to access information after hours, unfamiliarity with the capabilities of their practice management systems and the like. While the Special Master is sympathetic to the competing demands faced by small businesses and their owners, the Provider Plaintiffs must participate in discovery fully and provide relevant documents and information to the Defendants in a timely and complete manner.

Precertification discovery into named plaintiffs generally "pertains to the requirements of Rule 23 and tests whether the claims and defenses are susceptible to class-wide proof . . . ." Federal Judicial Center, Ann. Manual for Complex Lit. § 21.14 Precertification Discovery (4th Ed.) (2021). Accordingly, discovery into the requirements under Rule 23(a) and (b) are appropriate before the class has been certified. *Id.* This includes discovery into commonality

---

[1] At the November 8, 2021, hearing before the Special Master, counsel for Provider Plaintiffs indicated that a supplemental production had been made that morning. Defendants stated that Provider Plaintiffs' productions remained inadequate.

(whether the type of proof the parties expect to present demonstrate common questions of law and fact), typicality (whether the named plaintiffs' claims arise from the same course of action and involve the same legal arguments), adequacy (whether the named plaintiffs' interests align with those of the proposed class members and that they plan to prosecute the action vigorously), and whether common questions predominate. *Id.* at §§ 21.141, 21.142. Defendants also challenge Provider Plaintiffs' standing, which is also appropriate precertification discovery. *See O'Bar v. Lowe's Home centers, Inc.*, 2007 WL 1299180, at *1 (W.D.N.C. May 2, 2007) ("The issue of standing is significant to preparation of a precertification discovery plan because potential members of the class will consist only of those unnamed persons for whom Plaintiffs have standing to represent.").

On July 15, 2021, the Special Master directed the parties to exchange information that would ultimately result in the Provider Plaintiffs producing additional information and documents. Specifically, the Special Master directed that: 1) by August 5, 2021, counsel for Provider Plaintiffs *shall* inform counsel for Defendants what information their clients possess, whether it is accessible via their practice management software and any cost associated with accessing it; and 2) by August 5, 2021, counsel for Provider Plaintiffs *shall* provide counsel for Defendants with information regarding hit counts generated by the requested terms. (**Exhibit A).**

Based on the Special Master's review of correspondence exchanged between the parties and argument before the Special Master on November 8, 2021, Provider Plaintiffs have not complied with the above directives. In the Fourth JDDS, Provider Plaintiffs stated that their "damages model does not yet exist, and Provider Plaintiffs have agreed to supplement their productions as appropriate." (Doc. 174 at 11) The Provider Plaintiffs seem to suggest that

certain discovery regarding their practices is not necessary because they intend to proffer a class-wide damages model through their expert in order to certify the provider class. The Special Master disagrees. The damages model Provider Plaintiffs may utilize does not in and of itself determine the permissible scope of discoverable information. Moreover, to date, it appears that the Provider Plaintiffs have not provided requested financial information to Defendants, including practice finances, mix of services supporting practice revenue, frequency of procedures, and the like. As of November 8, 2021, Provider Plaintiffs were still confirming whether the named plaintiffs could perform searches for this information across their practice software. Further, it appears that the Provider Plaintiffs have been conducting their own searches of emails when their offices are closed; leading to at best mixed, and at worst deficient, results.

Pursuant to the Amended Scheduling Order (Doc. 265), fact class certification discovery is set to close on March 30, 2022—roughly four months from now. Provider Plaintiffs' production of documents and information is well past due. To the extent it was ever appropriate for the Provider Plaintiffs to handle their own collection and production efforts, that time has passed. Accordingly, the Special Master orders the Provider Plaintiffs to take concrete steps outlined below in furtherance of their discovery obligations.

Defendants have also requested that the Special Master bar the subsequent admission or reliance on any materials not produced by a date certain. This request appears to be based on Federal Rule of Civil Procedure 37(a)(3)(B) and Rule 37(b)(2)(A). But Rule 37(b) is limited to a party's failure to comply with a court order. *U.S. v. Carrell*, 2011 WL 487627, at *5 (M.D. Tenn. Feb. 7, 2011) (explaining that Rule 37(b) must be read in conjunction with Rule 37(a)); *Germaine v. United States*, 2019 WL 11031646, at *3 (M.D. Tenn. Dec. 2, 2019) (entering sanctions authorized by Rule 37(b) pursuant to Rule 16(f)). While the Special Master directed

the parties to exchange certain information and Provider Plaintiffs have failed to comply with this directive, Provider Plaintiffs have not violated a discovery order. Accordingly, any sanctions contemplated under Rule 37(b) are not appropriate at this time.

## CONCLUSION

Based upon the foregoing, Defendants' request for relief is GRANTED in part and DENIED in part. The Special Master ORDERS:

1. By no later than December 6, 2021, Provider Plaintiffs shall (a) engage an eDiscovery vendor to image any email account(s) that might contain responsive communications, (b) have the vendor run the search strings identified by counsel for Defendants in their July 22, 2021, letter (copy attached as **Exhibit B**), and (c) produce a list of hit counts to Defendants and the Special Master.

2. By no later than December 6, 2021, Provider Plaintiffs shall (a) engage an independent vendor, whether the same third party as the eDiscovery vendor or not, to analyze the Provider Plaintiffs' practice management software to determine whether the categories of information identified by counsel for Defendants in their July 22, 2021, letter (Exhibit B) are accessible, and (b) provide an update regarding the same to Defendants and the Special Master.

3. At the upcoming hearing on December 8, 2021, counsel for the parties shall be prepared to discuss any remaining issues, including, but not limited to, a date certain by which all relevant, non-privileged documents shall be produced by Provider Plaintiffs.

4. Notwithstanding any of the above deadlines, Plaintiff Providers shall produce relevant, non-privileged documents to Defendants on a rolling basis beginning as soon as possible.

02558974 2

6

Case 3:19-cv-00845   Document 282   Filed 11/19/21   Page 6 of 8 PageID #: 9095

5. Defendants' request to bar the subsequent admission or reliance on any materials not produced by a date certain is denied.

This terminates the matters at issue in the Fourth Joint Discovery Dispute Statement. (Doc. 174)

ENTERED this 19th day of November 2021.

*/s/ Samuel P. Funk*
Samuel P. Funk
Special Master

**CERTIFICATE OF SERVICE**

   I HEREBY CERTIFY that, on November 19, 2021, a true and correct copy of the foregoing document was served via the Court's ECF Filing System on counsel of record, as follows:

| | |
|---|---|
| John R. Jacobson<br>D. Alexander Fardon<br>Elizabeth O. Gonser<br>RILEY WARNOCK & JACOBSON, PLC<br>1906 West End Avenue<br>Nashville, TN 37203<br>jjacobson@rwjplc.com<br>afardon@rwjplc.com<br>egonser@rwjplc.com | Edward M. Yarbrough<br>W. Justin Adams<br>BONE MCALLESTER NORTON PLLC<br>511 Union Street, Suite 1600<br>Nashville, TN 37219<br>eyarbrough@bonelaw.com<br>wadams@bonelaw.com |
| David A. Rammelt<br>Nicholas J. Secco<br>BENESCH, FRIEDLANDER, COPLAN &<br> ARONOFF, LLP<br>71 South Wacker Drive, Suite 1600<br>Chicago, IL 60606<br>drammelt@beneschlaw.com<br>nsecco@beneschlaw.com | Robert K. Spotswood<br>Michael T. Sansbury<br>Joshua K. Payne<br>Morgan B. Franz<br>SPOTSWOOD SANSOM & SANSBURY LLC<br>One Federal Place<br>1819 Fifth Avenue North, Suite 1050<br>Birmingham, AL 35203<br>rks@spotswoodllc.com<br>msansbury@spotswoodllc.com<br>jpayne@spotswoodllc.com<br>mfranz@spotswoodllc.com |
| Michael D. Meuti<br>Andrew G. Fiorella<br>Mark K. Norris<br>BENESCH, FRIEDLAND, COPLAN &<br> ARONOFF, LLP<br>200 Public Square, Suite 2300<br>Cleveland, OH 44114<br>mmeuti@beneschlaw.com<br>afiorella@beneschlaw.com<br>mnorris@beneschlaw.com | Richard Stone<br>BLACKNER, STONE & ASSOCS.<br>123 Austrailian Avenue<br>Palm Beach, FL 33480<br>rstoneesq@rstoneesq.com<br><br>*Counsel for Plaintiffs* |

*Counsel for Defendants*

                           */s/ Samuel P. Funk*

02558974 2        8

Case 3:19-cv-00845  Document 282  Filed 11/19/21  Page 8 of 8 PageID #: 9097