IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

DR. JOSEPH CICCIO, et al.      )
                        )
v.                        )     No. 3:19-cv-0845
                        )     Trauger/Holmes
SMILEDIRECTCLUB, LLC, et al.     )

## ORDER

Pending before the Court is Defendants' Limited Objection to the Special Master's Order on Defendants' Request to Serve Additional Interrogatories (Docket No. 327), in which the Special Master granted in part and denied in part Defendants' request to exceed the 40-interrogatory limitation articulated in Judge Trauger's Practice and Procedure Manual. (Docket No. 321.) Provider Plaintiffs have filed a response in opposition to Defendants' objection. (Docket No. 333.) For the reasons that follow, Defendants' objection (Docket No. 327) is OVERRULED.

## ANALYSIS[1]

As noted in previous orders, the Court reviews procedural matters resolved by an appointed Special Master pursuant to the "abuse of discretion" standard. (Docket No. 168 at 4.) *See also* Fed. R. Civ. P. 53(f)(5) ("Unless the appointing order establishes a different standard of review, the court may set aside a master's ruling on a procedural matter only for an abuse of discretion."). A special master's ruling on the scope of permissible discovery is considered a procedural matter, *Ravin Crossbows, LLC v. Hunter's Mfg. Co.*, No. 5:18-cv-1729, 2020 WL 7706257, at *2 (N.D. Ohio Dec. 29, 2020); thus, the Court reviews for abuse of discretion.

---

[1] A detailed description of the scope of the Special Master's duties is provided in the Court's appointment order (Docket No. 168.)

Defendants object only to the portion of the Special Master's order prohibiting them from propounding one particular interrogatory—identified as Interrogatory No. 6—which asks the Provider Plaintiffs to identify the zip codes of each of their patients. (Docket No. 327 at 1.) However, in lieu of new arguments as to why the Special Master's decision should be reversed, Defendants "refer to and incorporate as if fully stated here" the objection and accompanying brief they previously filed in response to a separate Special Master order, found at Docket No. 317, which prevented Defendants from obtaining information relating to Provider Plaintiffs' "geographic markets." (Docket No. 327 at 1; Docket No. 322 at 1.) The similarity in these discovery requests ostensibly forms the basis of Defendants' decision to forego additional briefing in connection with the instant objection.

The Court certainly appreciates Defendants' efforts to avoid rehashing prior arguments. By the same token, however, the Court sees no reason to depart from its prior ruling on Defendants' objection to the Special Master order regarding Provider Plaintiffs' geographic markets, found at Docket No. 352. For the same reasons articulated in that order entered on June 8, 2022, the Court will overrule Defendants' objections to the Special Master order here.

Accordingly, Defendants' Objection (No. 327) is OVERRULED. The Special Master's Order on Provider Plaintiffs' Disclosures and Discovery Responses (Docket No. 321) is adopted in its entirety as the findings and conclusions of the Court on the subject discovery dispute.

It is SO ORDERED.

BARBARA D. HOLMES
United States Magistrate Judge

2