# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| DR. JOSEPH CICCIO, *et al.*, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | Civil No. 3:19-cv-00845 |
| v. ) | |
| ) | Judge Trauger |
| SMILEDIRECTCLUB, LLC, *et al.*, ) | |
| ) | |
| Defendants. ) | |

## PROVIDER PLAINTIFFS' UNOPPOSED MOTION FOR ADDITIONAL PAGES FOR MEMORANDA REGARDING MOTION FOR CLASS CERTIFICATION

Provider Plaintiffs Dr. Joseph Ciccio; Joseph A. Ciccio, Jr., D.D.S. and Peter B. Demarest, D.M.D., PLLC; Dr. Arthur Kapit; Arthur L. Kapit, D.D.S. M.Sc.D., P.A.; Dr. Vishnu Raj; and Alamo Ranch Orthodontics, PLLC hereby move the Court to allow for 20 additional pages, for a total of 40 pages, for Plaintiffs' memorandum in support of their motion for class certification, which is due to be filed next Friday, August 26, and for Defendants' memorandum in response, and show the Court as follows:

1.      The Second Amended Scheduling Order provides that briefs relating to class certification "shall not exceed 20 pages." Doc. 342 at 1. This language was carried over from the Initial Case Management Order (*see* Doc. 116 at 5) into the Amended Scheduling Order (*see* Doc. 265 at 2), and then into the Second Amended Scheduling Order.

2.      The Second Amended Scheduling Order resulted from a motion Plaintiffs filed seeking an extension of the class certification deadlines in light of a production Defendants made as class discovery closed. *See* Doc. 329.

3.      In their extension motion, Plaintiffs flagged that the number of pages for class certification briefs likely would need to be increased at the appropriate time but the issue was not

ripe for decision at that juncture: "Provider Plaintiffs anticipate that the page limit set forth in the Amended Scheduling Order will likely need to be expanded, but that issue is not ripe for decision at this juncture." *Id.* at 4 n.1.

4. Now, one week before their class certification motion is due, Plaintiffs are far enough along in their drafting process to determine that the memorandum in support of the motion for class certification will take up a full 40 pages.

5. As set forth in the Corrected Second Amended Complaint, Plaintiffs bring false advertising and unfair competition claims under the Lanham Act and state consumer protection laws challenging a number of actions of the Defendants. *See* Doc. 246.

6. The Corrected Second Amended Complaint runs over 76 pages containing 265 numbered paragraphs. Sixteen exhibits are attached to it. While Plaintiffs challenge a uniform, nationwide advertising campaign, there are numerous specific statements and omissions at issue. *See id.* at 30-43.

7. Defendants so far have produced over 90,000 documents.

8. Eight depositions have been taken to date.

9. The parties have submitted five expert reports bearing on class certification.

10. Plaintiffs will seek to certify the Nationwide Provider Class, Florida Provider Subclass, and New York Provider Subclass of all dental or orthodontic providers who provided traditional orthodontic services or goods similar to those that SmileDirect purportedly offers and the practice entities through which they provided such services.

11. In their memorandum in support of the motion for class certification, Plaintiffs will show that they meet the prerequisites of Rule 23(a), as well as the requirements of Rule 23(b)(2)

for injunctive relief classes, Rule 23(b)(3) for damages classes, and Rule 23(c)(4) for issues classes.

12. Additionally, Plaintiffs will show that appointment of their counsel as class counsel is appropriate pursuant to Rule 23(g).

13. In light of what must be accomplished through the memorandum in support of the motion for class certification, Plaintiffs respectfully submit that their request for additional pages is reasonable and necessary under the circumstances.

14. Indeed, in *Bearden v. Honeywell Int'l Inc.*, No. 3:09-cv-01035 (M.D. Tenn.), a class-action case Defendants have cited as authority in this case (*see, e.g.,* Doc. 71 at 2-6), the defendant requested leave to file a memorandum of up to 40 pages in response to plaintiffs' motion for class certification.[1] *See* Ex. A (Honeywell's motion). The court granted the motion. *See* Ex. B (endorsement granting motion). Similarly, in *Hasemann v. Gerber Products Co.*, No. 1:15-cv-02995-EK-RER (E.D.N.Y.), a false advertising class-action case, the plaintiffs' memorandum in support of their class certification motion ran for over 45 pages. *See* Ex. C (Hasemann's brief).

15. Counsel for Plaintiffs have conferred with counsel for Defendants and can state that Defendants do not oppose this motion because it requests a reciprocal extension for Defendants' responding memorandum.

Wherefore, Plaintiffs respectfully request leave to file a memorandum in support of their class certification motion that is up to 40 pages long and for Defendants to file a memorandum in response that is up to 40 pages long.

---

[1] The plaintiffs' motion is sealed, so it is unclear how long it was.

DATED: August 19, 2022                    Respectfully submitted,

                                                                                          s/W. Justin Adams
Edward M. Yarbrough, TNBPR#004097
W. Justin Adams, TNBPR#022433
SPENCER FANE LLP
511 Union Street, Suite 1000
Nashville, Tennessee 37219
TEL: (615) 238-6300
FAX: (615) 238-6301
eyarbrough@spencerfane.com
wjadams@spencerfane.com

Robert K. Spotswood, Alabama Bar # ASB-7015-P76R
Michael T. Sansbury, Alabama Bar # ASB-6473-A53S
Joshua K. Payne, Alabama Bar # ASB-1041-A55P
Morgan Franz, Alabama Bar # ASB-0488-S13E
SPOTSWOOD SANSOM & SANSBURY LLC
Financial Center
505 20th Street North, Suite 700
Birmingham, Alabama 35203
TEL: (205) 986-3620
FAX: (205) 986-3639
rks@spotswoodllc.com
msansbury@spotswoodllc.com
jpayne@spotswoodllc.com
mfranz@spotswoodllc.com

Richard Stone, U.S. Dist. Ct. S.D.N.Y. Bar # RS5324
RICHARD L. STONE, PLLC
11 East 44th St., Suite 1900
New York, NY 10017
TEL: 561-804-9569
rstoneesq@rstoneesq.com

*Attorneys for the Plaintiffs*

# CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was served via the Court's ECF Filing System on August 19, 2022, as follows:

| | |
|---|---|
| John R. Jacobson<br>Elizabeth O. Gonser<br>RILEY WARNOCK &<br>JACOBSON, PLC<br>1906 West End Avenue<br>Nashville, TN 37203<br>jjacobson@rwjplc.com<br>egonser@rwjplc.com<br><br>David Rammelt<br>Nicholas J. Secco<br>Emily N. Dillingham<br>Carl M. Johnson<br>Hannah Stowe<br>BENESCH, FRIEDLANDER,<br>COPLAN AND ARONOFF, LLP<br>71 South Wacker Drive, Suite 1600<br>Chicago, IL 60606<br>drammelt@beneschlaw.com<br>nsecco@beneschlaw.com<br>edillingham@beneschlaw.com<br>cmjohnson@beneschlaw.com<br>hstowe@beneschlaw.com | Michael D. Meuti<br>Andrew G. Fiorella<br>Mark K. Norris<br>James R. Bedell<br>BENESCH, FRIEDLANDER,<br>COPLAN AND ARONOFF, LLP<br>200 Public Square, Suite 2300<br>Cleveland, OH 44114<br>mmeuti@beneschlaw.com<br>afiorella@beneschlaw.com<br>mnorris@beneschlaw.com<br>jbedell@beneschlaw.com<br><br>Michael B. Silverstein<br>BENESCH, FRIEDLANDER,<br>COPLAN AND ARONOFF, LLP<br>41 South High Street, Suite 2600<br>Columbus, OH 43215-6164<br>msilverstein@beneschlaw.com |

*Attorneys for the Defendants*

                                              s/W. Justin Adams