Motion GRANTED.
*[signature]*

# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE
### NASHVILLE DIVISION

| | |
|---|---|
| DR. JOSEPH CICCIO, *et al.*, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | Civil No. 3:19-cv-00845 |
| v. ) | |
| ) | Judge Trauger |
| SMILEDIRECTCLUB, LLC, *et al.*, ) | |
| ) | |
| Defendants. ) | |

**UNOPPOSED MOTION TO CLARIFY APPLICABLE PAGE LIMIT FOR RESPONSES IN OPPOSITION TO MOTIONS TO SEAL FILED BY NON-DESIGNATING PARTY**

Provider Plaintiffs move the Court to clarify that when a non-designating party files a motion to seal under Local Rule 5.03(b) and the designating party files a response in support of that motion, the non-designating party may file a 20-page[1] response in opposition and the designating party may file a 5-page[2] reply. In support of this motion, Provider Plaintiffs state:

1. Local Rule 5.03 provides in relevant part:

   **(a)** **Contents of Motion to Seal.** Any party requesting that documents or portions of documents be sealed must file a motion for leave to file the document(s) under seal.... If the party using the information or document is not the party that requests restriction of access, the applicable standards must be addressed as provided for in subsection (b)….

   **(b)** **Use of Document by Party Not Designating Documents as Confidential.** The party intending to use information or documents designated in discovery as confidential must file a motion to seal under LR 7.01(a). However, the party who designated the materials as confidential or otherwise seeks to restrict access to the materials retains the burden of meeting the requirements set out in subsection (a), either in a joint motion to seal or in a response under LR 7.01(a)(3).

---

[1] *See* Practice and Procedure Manual at 3 (providing that briefs may "not exceed twenty (20) pages").

[2] *See* Local Rule 7.01(a)(4).