Motion GRANTED.
[signature]

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| DR. JOSEPH CICCIO, *et al.*, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | Civil No. 3:19-cv-00845 |
| v. ) | |
| ) | Judge Trauger |
| SMILEDIRECTCLUB, LLC, *et al.*, ) | |
| ) | |
| Defendants. ) | |

**MOTION FOR LEAVE TO FILE DOCUMENTS UNDER SEAL**

Pursuant to Local Rule 5.03, Consumer Plaintiff Nigohosian moves to file her motion for a scheduling order for her claims against Defendant Camelot Venture Group ("Camelot") and exhibits to the motion under seal and states:

1. Ms. Nigohosian does not believe these documents should be sealed, but one or more Defendants has designated certain information contained in them "confidential" or "attorneys' eyes only." Thus, Local Rule 5.03 requires Ms. Nigohosian to move for leave to file these documents under seal but requires Camelot to file a response demonstrating "compelling reasons" for sealing these documents and that sealing is "narrowly tailored to those reasons." Local Rule 5.03(a) & (b).

2. Camelot cannot meet that standard because the information designated is not a trade secret, covered by a recognized privilege, or statutorily confidential, and Camelot cannot show that disclosing this information will cause a clearly defined and serious injury. *See Shane Grp., Inc. v. Blue Cross Blue Shield of Michigan*, 825 F.3d 299, 307–308 (6th Cir. 2016); Local Rule 5.03(a).